### Smith v. The State, 28 Miss. Rep., 728.

The record is the only evidence of the organization of the grand jury, and whether the proper oath was administered or not, is never ground for a plea in abatement, and such plea should be disregarded by the court.

Where the issue on a plea in abatement is an immaterial one, and the plea is quashed by demurrer, the defendant should be allowed to plead over.

Error to Clarke circuit court. WATTS, J.

*Freeman & Dixon* for plaintiff in error.

*D. C. Glenn*, attorney general.

FISHER, J.:

The defendant in the court below pleaded in abatement to the indictment, that the grand jury were not sworn according to the provisions of the act of 1830 (Hutch. Code, 887), to which the district attorney replied that they were sworn according to the provisions of the act of 1822, setting out the form of the oath. To this replication the defendant demurred; which demurrer being overruled, the defendant filed a rejoinder to the replication, upon which issue was taken and the cause submitted to a jury, who returned a verdict in favor of the state, that is to say, that the grand jury were sworn according to law.

This whole proceeding is palpably absurd, and requires no comment. It is, perhaps, the first and only instance in the history of the jurisprudence of the state, where a jury were empanelled to ascertain the fact whether a grand jury were sworn according to the requirements of the law. The record, which shows the empanelling of the grand jury, is the only evidence

which can be introduced to prove or disprove this fact; and whether the proper oath was in fact administered or not, or administered in the proper manner, can never be made the subject of a plea in abatement, but must be ascertained by an inspection of the record, which, in this instance, shows that the grand jury were sworn according to law.

The plea, therefore, presented an immaterial issue, and should have been disregarded by the court.

After the jury returned their verdict, the defendant moved for leave to file the plea of not guilty, which was refused by the court, and a final judgment was accordingly entered against the defendant. If the plea in abatement had presented a material issue, this action of the court would have been right. But as the plea was a nullity, and as the issue formed upon it could settle *nothing*, the application of the defendant to plead, should have been treated as though there had been no other pleading in the cause; or, in other words, the issue being an immaterial one, the court should have awarded a re-pleader, when the defendant could have had the full benefit of his motion.

The judgment must, therefore, for this error be reversed.