JULY SPECIAL TERM, 1868.

MOBILE AND OHIO RAILROAD Co. v. CHARITY ANN MATTAN
et al.

1. HIGH COURT OF ERRORS AND APPEALS: ACT OF FEBRUARY 21ST, 1867, IN
REFERENCE TO, UNCONSTITUTIONAL.—The act of the legislature, approved
February 21st, 1867, and entitled "An act to provide for the holding of the
High Court of Errors and Appeals of the State of Mississippi, and for other
purposes," is unwarranted by the constitutional amendment of 1865, and
hereafter, in accordance with the provisions of the Revised Code, 561, two
terms of the court will be held each year at Jackson, commencing on the
third Monday of April and October.

ON motion for a transfer of this cause to the clerk's office at
Macon, and for a trial of the same at the next term, to be held
at Macon.

No brief of counsel on file.

SHACKELFORD, C.J., delivered the opinion of the court.

This cause having been called for trial, the defendants in er-
ror resisted the submission of the same, and entered the follow-
ing motion:

"The defendants in error come and suggest to the court here
that this cause comes from the Circuit Court of Kemper county,
and that under the statute in that behalf the transcript herein
should have been filed in the office of the clerk of this court at
Macon, and the cause tried there only; and the said defendants now
move the court for an order directing the transcript in this cause
to be transferred to said office, and this cause tried at the next term
of this court, to be held at said Macon; and that further pro-
ceedings here in this cause be stayed.

"POTTER & HAM,
"For motion."

Counsel for defendants in error deny the validity of Rule 30
of this court, adopted March, 1867, which is in these words:
"Hereafter the records in all cases now pending, or hereafter

brought to this court, from whatever part of the State they may come, shall be carried by the clerk to the places of holding the court, at the times appointed for the several terms thereof, and a general docket of the court, embracing the causes from all the districts, will be called at every term, and all the causes therein will stand for trial or other disposition."

This rule was adopted by our predecessors, after construing the act of the legislature, passed February 20th, 1867, "providing for the holding of the High Court of Errors and Appeals of the State of Mississippi, and for other purposes."

The defendants insist that this act shall be enforced according to its terms, or that it be utterly disregarded, as repugnant to the constitution.

The provisions of the act are as follows : Sect. 1 divides the State into four districts. Sect. 3 provides, " that a term of the court shall be holden *once* in each year in said districts, as follows : In district No. one, at Jackson, the seat of government ; in district No. two, at Oxford ; in district No. three, at Macon ; and in district No. four, at Mississippi City.

" And that all cases in said districts which may be hereafter carried to the High Court of Errors and Appeals by *writs of error* or *appeal, or otherwise,* from any of said districts, shall be directly transmitted to, and heard and tried in the *court* so held for the district from whence said writs of error, or appeals, may have come respectively, and tried and determined as now required by law."

Sections 3 and 4 provide for the appointment of deputy clerks for said districts, under certain conditions, and that seals of office and presses, books, and stationery be procured for said offices, as is provided by law for supplying the court at Jackson.

Our predecessors, in their construction of this act, use this language, in their " opinion" not yet reported :

" The question we have to consider is, whether, when the terms are appointed, and the places fixed at which they are to be held, it is competent for the legislature to divide up the business, and parcel it out, so that at each term only a portion

of the pending cases can be taken up? If the affirmation of this proposition can be established, then it is clear that the requirement of the constitution, *that there shall be at least two terms of the court in each year*, can be successfully evaded."

Our predecessors, further commenting on this portion of the act, held that "the legislature may divide the State into three districts for the election of the judges, *but when that right has* been exercised, the power to district the State, for any purpose connected with this court, is exhausted."

"The judges so chosen compose one court, which, at every term, is open to all persons invoking its jurisdiction. Its terms are held in order that it may exercise all the judicial power of the State, vested in it, as the supreme appellate tribunal, over all cases pending before it."

"Any other construction would reduce the terms of the court, in effect, to one each year, under color of holding four, and would work an oppressive denial of justice in many cases, civil and criminal. And besides this, as this act is prospective merely, and purports to apply *only* to cases to be brought to this court after the first Monday of April next, any view different from the one we have taken would leave all the causes now pending, and all that may originate before the date mentioned, without any provision of law for their trial and determination, at any time now or hereafter."

"We are therefore of opinion that this act of the legislature so far as might be construed to restrict the jurisdiction of the court, at each term, to the cases arising in the counties composing the district in which the court may be, for the time being, holding its session, is unwarranted by the constitution, and is to be disregarded."

We concur in this view of the statute, but feel bound to go further, as we regard the reasons given by them as conclusive against the whole acts.

This act was a scheme to divide up the State into districts, in each of which only one court should be held for *two months* of the year, if the business required so long a time, to try *only such business as originated in the district*. It was contem-

plated that there should be permanent officers at each place, designated by the act for holding the district courts, as provision is made in the act for the procurement of seals and presses, books, etc., by the clerks to be appointed as deputies, etc.

We are of opinion the whole act is in violation of the provisions of the amendment to the constitution, adopted in 1865, relative to this court.

The argument of the distinguished judge who delivered the opinion upon the statute, is conclusive against the constitutionality of the whole act.

We are at a loss to see how the court could consider any part of it operative, after their construction of it last above quoted.

It seems to us that they should have declared the whole act inoperative.

By annulling the district system provided for by the terms of the act, and construing it as a statute requiring *four terms of the court to be holden each year at different points for the business of the whole State,* it seems to us that our predecessors placed a construction upon the act repugnant to the purpose of the legislature.

The apparent intent of the legislature was to create a district system for this court, and to provide for but *one term a year for the trial of cases in each district.*

It was their purpose also to provide that the cases of each district should be tried *only at the term and at the place allotted to that district.* We look in vain for any indication of a legislative intent to provide for *four general terms* of this court for the disposal of *all* appellate business each year, or to provide for the trial of cases arising in one district, at the terms allotted by the act to the other districts. And if the legislature has not, in the law itself, declared such a purpose, it was not for the court to reach it by construction.

As we have said, we agree to the opinion of our predecessors, that the legislature could not create the district system attempted by the terms of the enactment; and this being true, it

seems to us the necessary consequence, that the whole act, which contains provisions limited to that object, is void, as being repugnant to the constitution.

This leaves the act in force in the Revised Code, p. 561, giving to the High Court of Errors and Appeals two terms to be holden in Jackson, the seat of government, in each year, on the third Mondays of April and October.    Articles 4 and 5.

The motion of defendants in error is overruled, and "Rule No. 30" abrogated.

All cases will be for trial as heretofore, before the passage of the "act of Feb. 20, 1867," aforesaid.

Parties litigants can procure the issuance of alias writs of error, &c.    Citations from the office of the clerk of the High Court of Errors and Appeals in Jackson, in all cases (if they deem it advisable) now in court, filed since first Monday of April, 1867.