ABRAM *v.* THE STATE, 25 Miss. Rep., 589.

### HOMICIDE.

The recital in the indictment that the grand jury " was duly elected, empanelled and sworn," cannot supply the omission of it in the record.

The authority of the grand jury to find the indictment must appear in the record, and the bill becomes no part of the record until it is acted upon and returned into open court, in the manner prescribed by law.

Error to Copiah circuit court. HARRIS, J.

The accused (Abram) was indicted for murder in the circuit court of Copiah county, and he was, at the June term, 1852, of said court, found guilty of the charge alleged in the indictment, and upon a motion being made for a new trial, and refused by the court, the plaintiff in error brought the case to this court by writ of error.

*Peyton & Sturges* for plaintiff in error.

1. Every caption of an indictment should show that the indictors were of the county for which the court was holden. 5 Bac. Abr., 93 (Amer. edit., 1844). If the caption does not state that the grand jury are of the county for which the court had jurisdiction to inquire, the whole will be vicious. 1 Chitty's Crim. Law, 327, 333.

2. The record must show that the indictment was taken upon oath, and if this allegation be omitted, the indictment cannot be sustained. Ib., 333; Cody v. State, 3 How., 27. Jurors have no authority to find a bill of indictment unless they have been sworn; and the court say, in the case of Cody v. State, that the

authority of the jury to find the indictment must be contained in the record. 3 How., 30.

3. It must appear upon the record, that the bill of indictment was found by at least twelve jurors, or it will be insufficient. 1 Chitty's Crim. Law, 333; Cro. Eliz., 654; 2 Hale, 167; Hawk., 126; Faulkner's case, 1 Saunder's R., 248, note 1; Andr., 230; 5 Bac. Abr., 93 (Amer. edit., 1844); Carpenter v. State, 4 How., 163. The court say in the case of The Thomases v. State, that it is the business of the caption of an indictment to state with sufficient certainty, not only the style of the court, the judge then presiding, but the time and place when and where it was found, and the jurors by whom it was found. 5 How., 32. It is believed, therefore, that there is wanting in this record a statement of the facts essential to confer jurisdiction on the court below.

*D. C. Glenn*, attorney general.

1. The error assigned in regard to the caption of the indictment is unfounded in point of fact.

2. The error assigned, that it does not appear that the grand jury were sworn, is also unfounded in fact.

3. The error assigned, that the record does not show that there was a legal grand jury in point of numbers, is untenable; because no objection was made to the grand jury in the court below, and it is too late after a party pleads not guilty and goes to trial on the merits, to object here; and because the statement in the record, that the grand jury found the bill, concludes the party, because there could be no grand jury, unless there was the legal number requisite to such a jury. Brantly v. State, 13 S. & M., 468; Dyson v. State, MS.

YERGER, J.:

The judgment in this case must be reversed. It does not appear by the record that the grand jury were sworn. It has been repeatedly held that this is a fatal defect.[1] There is a recital in the indictment, that the grand jury "were duly elected, empanelled and sworn." But the court in the case of Cody v. State, 3 How. R., 29, say: "The recital of this fact in the bill of in-

[1] Archbold Cr. Pr. & Pl., 535; Stokes v. State, 24 Miss., 621.

dictment, cannot supply the omission of it in the record.  The record may aid the indictment, but not *e converso*.  For the authority of the jury to find the indictment must be contained in the record, and the bill becomes no part of the record until it is acted upon and returned into court in the manner prescribed by law."

Let the judgment be reversed, and the cause remanded.