## JONES, EX PARTE.

STATUTES: *Void as denying justice: Habeas corpus.*

An act approved March 24, 1885, provides for holding the Circuit Court of Cleveland county at its county seat on the second Monday in March and September. A later act, approved April 4, 1887, divides the county into two judicial districts—the Eastern and Western—and provides that the Circuit Court for the Eastern District, shall be held at the county seat " as now provided by law except as hereafter provided;" and by another section fixes the terms for the Western District also on the second Monday of March and September. The petitioner applied for the writ of *habeas corpus,* alleging that he was restrained of his liberty upon an indictment for murder found before the act creating the districts and charged to have been committed in that part of the county embraced in the " Eastern District;" and that as no time was fixed for holdidg a Circuit Court in that district, it was impossible to try his case. *Held:* 1. That the act of April 4, 1887, is void, as it would, if allowed to stand, repeal the act which provides for holding a Circuit Court at the county seat, and thus suspend, for an indefinite period, the administration of justice in one-half the county. 2. That the act of April 4, 1887, being void, the Circuit Court for Cleveland county will be held at the time fixed by the prior act, and as there is therefore no impediment to the petitioner's trial, his application was properly refused.

APPEAL from *Pulaski* Chancery Court.

D. W. CARROLL, Chancellor.

The appellant *pro se.*

Sections 10 and 23 of the act of April 4, 1887, being the last act, repeals the act of 1885, fixing the second Mondays of March and September for the courts at Toledo, and leaves no day fixed for holding courts there. This virtually dismisses all suits pending at Toledo, and discharges all persons held for felonies committed east of the Saline river. There being no court to try him, appellant cannot be longer held for trial.

The Legislature can abolish a Circuit Court by a conflicting act. *Parker v. Sanders, 46 Ark., 229.*

Jones, ex parte.

*Dan W. Jones*, Attorney General, for the State.

If the act of April 4, 1887, is unconstitutional, then, the petition must be denied.

The General Assembly has the power, under the Constitution of 1874, to fix the times and *places* of holding the Circuit Court of any county. *Art. 7, sec. 12; 35 Ark., 389.*

The Legislature has fixed the *place* of holding the Circuit Court at Kingsland, and the dates of holding the same. This it clearly had the right to do, though it did not have the power to deprive the other part of the county of a Circuit Court. *Const. 1874, art. 2, secs. 10 and 13.* But that part of the act may be declared invalid, and the part providing for the time and place of holding the court perfectly valid.

SMITH, J. Jones applied to the Pulaski Chancery Court for the writ of *habeas corpus*, alleging that he was restrained of his liberty by the Sheriff of Cleveland county, under process upon an indictment which charged him with the murder of one Barrett; that said murder, if committed at all, was done in Cleveland county, in the year 1886, on the east side of the Saline river; that after said indictment against petitioner had been returned into court the Legislature, by an act approved April 4, 1887, had divided said county into two judicial districts—the Eastern and Western—between which said river was the dividing line; that it was provided in and by said act that courts of justice should be held, for the Eastern District at Toledo, and for the Western District at Kingsland, and the authority and jurisdiction of each of said courts were expressly limited to the territory respectively embraced therein; but no time was fixed by that act or by any other law for holding the Circuit Court in the Eastern District, by reason whereof it was impossible to try petitioner's case.

As an excuse for applying to the Chancellor, it was alleged that the Circuit Judge of the Tenth Circuit, which

includes Cleveland county, was absent from the State. But the writ was refused.

It is immaterial whether the allegation, that Barrett was killed east of the river be true or false; because, in either event, according to the view we have taken, the petitioner has no forum for his trial, if the act is allowed to stand.

STATUTE:
Void as deny-
ing justice: *Ha-*
*beas corpus.*

At the date of the passage of this act, Toledo was the county seat of Cleveland county, and the Circuit Court for the county was to be held there on the second Monday in March and September of each year. See act of March 24, 1885, session acts 1885, p. 127. The act of April 4, 1887, recognizes Toledo as the county seat and directs the Circuit Court for the Eastern District of the county to be held there, "as now provided by law, except as hereafter provided." Section 10 of the same act fixes the terms of the Circuit Court of the Western District at Kingsland, also on the second Monday of March and September. Now it is a phys-ical impossibility for the Circuit Judge to be in two different places at the same time. And according to the theory of the constitution of our courts, as explained in *State v. Williams*, *48 Ark., 227*, two Circuit Courts cannot be going forward in the same circuit at one and the same time. And as the act of 1887 is the latest expression of the legislative will, it repeals the act of 1885, fixing the time for holding the Circuit Court in Cleveland county, unless the later act is unconstitutional. *Parker v. Sanders, 46 Ark., 229.* It would follow, then, that no provision has been made for holding a Circuit Court in the Eastern District of Cleveland county; and the petitioner has been deprived of his constitutional right to a speedy trial by the jury of the county in which the crime was committed. *Constitution of 1874, art. 2, sec. 10.* For the act does not authorize a transfer of causes now pending in Cleveland Circuit Court to the Western District, except upon a petition

Jones, ex parte.

for change of venue; but expressly provides (section 11) that they shall remain for adjudication and be tried at Toledo.

So sacred is this right of speedy trial that, under certain circumstances, the failure of the State, for three terms, to bring the accused to trial, entitles him to a discharge.  *Mansf. Dig., secs. 2191–4; Stewart v. State, 13 Ark., 720.*

What then shall be said of a statute that practically abolishes or discontinues, for one-half of a county, the only court which can try felonies?  It is a suspension for an indefinite period of the administration of justice.  No grand juries can be impanelled to inquire of offenses committed in Cleveland county east of the Saline river; and no person now under indictment for offenses committed in any part of Cleveland county can be brought to trial.  This is such a denial of justice as to render the act inoperative and void.  The unconstitutionality of a law does not depend so much upon the intention of the Legislature as upon the effect of the law.

The act also provides for separate County and Probate Courts to be held in the two districts, and virtually erects two counties under the name of districts, requiring all of their financial affairs to be kept distinct.  Of these provisions we are not called upon in this case to express any opinion.  However, in order to prevent future complications, we have no hesitation in saying that in our judgment the act is indivisible and cannot take effect, even in part.  Its purpose is to accomplish a single object—the establishment of two judicial districts in one county.  And that purpose having failed in respect to the Circuit Court, the whole act necessarily falls to the ground.  The provision for separate Circuit Courts is so interwoven with the remainder of the act, that it can not be presumed the Legislature would have enacted one portion without the other.  *Cooley's Constitutional Lim. (\*177 et seq.); Bittle v. Stewart, 34 Ark., 224.*

8

The Circuit Court for the county of Cleveland will be held at the place and time designated by law without regard to the supposed act of April 4, 1887. There is, consequently, no impediment to the petitioner's trial.

Affirmed.