WILLIAM TIPPY V. STATE OF NEBRASKA.

[FILED OCTOBER 11, 1892.]

1. **District Court:** TERMS IN DIFFERENT COUNTIES OF SAME DISTRICT AT SAME TIME.   The general rule is that a court cannot be held at a time when there is clearly no authority to hold it, and if there was no statutory authority to that effect the district court in those districts having but one judge could not be held in two counties of the same district at the same time, but, under the constitution and statutes of this state, terms of the district court may be held at the same time in different counties of the same judicial district, and, when necessary, the district court sitting in any county may be continued into and held during the term fixed for holding such court in any other county within the district, or, it may be adjourned and held beyond such time.

2. There is no material error in the record.

ERROR to the district court for Saline county.   Tried below before GASLIN, J.

*Shannon S. Alley*, for plaintiff in error:

Unless authorized by statute, terms of court cannot be held in different counties at the same time in any district having but one judge. (*Bates v. Gage*, 40 Cal., 183; *People v. O'Neil*, 47 Id., 109; Freeman, Judgments, sec. 121; *Batten v. State*, 80 Ind., 394; *Dunn v. State*, 2 Ark., 229; *In re Millington*, 24 Kan., 214; *Grable v. State*, 2 G. Greene [Ia.], 559; *Archer v. Ross*, 2 Scammon [Ill.], 303; *Gregg*

*v. Cooke*, Peck [Tenn.], 82; *Galusha v. Butterfield*, 2 Scammon [Ill.], 227; *Smithson v. Dillon*, 16 Ind., 169; *Samuels v. State*, 3 Mo., 42; *Cain v. Goda*, 84 Ind., 209; *McCool v. State*, 7 Id., 378.)

*George H. Hastings, Attorney General,* contra:

A term of court may be held in one county of a district which laps onto the term of another county in the same district. (*State v. Leahy*, 1 Wis., 225; *State v. Knight*, 19 Ia., 94; *State v. Stevens*, 25 N. W. Rep. [Ia.], 777; *State v. Peterson*, 25 Id., 780; *Brewer v. State*, 6 Lea [Tenn.], 198; *Cheek v. Bank*, 9 Heiskell [Tenn.], 489; *State v. Clark*, 30 Ia., 168; *Harris v. Gest*, 4 O. St., 473; *State v. Montgomery*, 8 Kan., 351; *Cook v. Smith*, 54 Ia., 636.)

MAXWELL, CH. J.

The plaintiff in error was convicted of manslaughter in the district court of Saline county and sentenced to imprisonment in the penitentiary for ten years.   He relies upon two errors for a reversal of the judgment.   First— That there is but one judge in the seventh judicial district; that in 1891 the terms were fixed by law, viz., Saline county, September 15; Clay county, November 10; Fillmore county, November 24; that W. H. Morris was sole judge; that the term in Saline county which had been in session on November 9 was adjourned to the 17th of that month; that on the 17th of November, 1891, William Gaslin held court in Saline county, and the trial and conviction of the plaintiff in error took place before him; that while Judge Gaslin was holding court in Saline county, Judge Morris was holding the regular term of court in Clay county, and therefore the court in Saline county had no jurisdiction at that time to try and sentence the plaintiff in error.

The general rule no doubt is that a court cannot be held at a time when there is clearly no authority to hold it, and

27

where the terms of court are fixed by statute so that one
term closes in a particular county at a definite time and a
term in another county begins, there being but one judge
in the district, court cannot be held in two counties at the
same time for the reason that the authority is wanting.
(*Cain v. Goda,* 84 Ind., 209; *In re Millington,* 24 Kan.,
214; *Dunn v. State,* 2 Ark., 229; *Garlick v. Dunn,* 42 Ala.,
404; Freeman, Judgments, sec. 121; *Bates v. Gage,* 40
Cal., 183; *Smurr v. State,* 105 Ind., 125.)

In the case last cited it is said: "The question of power
or authority might, perhaps, have arisen had the adjourned
term been fixed at a time when the law imperatively re-
quired that the Kosciusko circuit court should be in session;
but its adjourned term was not fixed at a time when that
court was required to be in session.  On the contrary, it
was fixed at a time when the judge might rightfully have
adjourned that court.  This feature is a prominent one,
and distinguishes the case from such cases as that of *In re
Millington, supra,*" and it was held that the adjourned
term was held under legal authority.  In *State v. Stevens,* 25
N. W. Rep. [Ia.], 777, the supreme court of Iowa held that
where a trial was in progress at the time fixed for holding
court in another county, the judge could adjourn the term
in such other county for one week to give sufficient time to
complete the trial, and the same ruling was made by that
court in *State v. Peterson,* 25 N. W. Rep. [Ia.], 780.  These
cases, although they do not refer to, yet overrule, *Davis v.
Fish,* 1 G. Greene [Ia.], 106, and *Grable v. State,* 2 G.
Greene [Ia.], 559.  In *State v. Leahy,* 1 Wis., 225, and
*State v. Montgomery,* 8 Kan., 351, it was held, in effect, that
the judge may adjourn the term of the district to a day sub-
sequent to that fixed by law for the commencement of the
regular term of court in another county in the same district.

In all the cases cited the terms were fixed by law.  In
this state, to avoid some of the difficulties which existed
under the former system, the constitution authorizes the

judges of the several districts to fix the terms of court in their respective districts. (Art. XVI, sec. 26.) The constitution, also to provide for the necessities of some of the counties of the state where one judge would be unable to transact the business of a county, authorizes the election of two or more judges in a district. (*State v. Stevenson,* 18 Neb., 416.)

Section 1061 of the Consolidated Statutes provides: "The judges of the district court shall, on the 1st day of January of each year, fix the time of holding terms of court in the counties composing their respective districts, during the ensuing year, and cause the same to be published throughout the district, if the same can be done without expense. The clerk of each district court shall note on the bar docket of each term the time so fixed for holding court in his county. The terms shall be so fixed as not to conflict with the time fixed by rules of the supreme court for the hearing of causes therein from said districts. The clerk of the supreme court shall, before the 1st day of January of each year, notify each district judge of the times fixed by the supreme court for the hearing of causes from his district. All terms of the district court shall be held at the county seat in the court house, or other place provided by the county board. Terms of court may be held at the same time in different counties in the same judicial district by the judge of the district court thereof, if there be more than one, and, upon request of the judge or judges of such court, any term in such district may be held by a judge of the district court of any other district of the state. When necessary, the district court sitting in any county may be continued into and held during the time fixed for holding such court in any other county within the district, or may be adjourned and held beyond such time." This section was amended in 1885 to cover the very point in controversy here, by permitting two judges, when necessary, to sit in the different counties of

a district at the same time. This disposes of this. objection.

Second—It is not seriously questioned that the evidence is sufficient to establish the guilt of the plaintiff in error, although it is intimated that the sentence is too severe.

There is no material error in the record and the judgment is

AFFIRMED.

THE other judges concur.