EX PARTE WILLIAMS.

Opinion delivered June 29, 1901.

1. CHANCERY DISTRICTS—CONFLICT IN TERMS OF COURTS.—Where the legislature provided that court should be held in one of the counties of a chancery district on a certain day, and subsequently provided that court should be held by the same chancellor in another county of the same district, without changing the date for holding the former court, the jurisdiction to try chancery causes in the former county would not revert to the circuit court. (Page 458.)

2. SAME.—So much of the act of May 3, 1901, providing for a second judicial district in Woodruff county, to be held at Cotton Plant, as fixed the time for holding the chancery court in the Cotton Plant district on the day fixed by a prior act for holding the same court in St. Francis county, is inoperative, as depriving suitors of the latter county of the constitutional right to prompt redress for all injuries or wrongs. (Page 459.)

Prohibition to St. Francis Chancery Court.

EDWARD D. ROBERTSON, Chancellor.

STATEMENT BY THE COURT.

The legislature in 1901 passed an act dividing Woodruff county into two judicial districts, one called the Northern district and the other the Southern district. The act provided that the circuit and chancery courts for the Northern district should be held at Augusta, the county seat as now provided by law, and it further provided that those courts should be held for the Southern district at the town of Cotton Plant, beginning on the days named in the act. But the day named in the act for the holding of the chancery court for the Southern district at Cotton Plant is the same as that provided by the statute for the holding of the chancery court at Forrest City. The petitioner, W. E. Williams, being a defendant in an action pending in the St. Francis chancery court, and being of the opinion that the act providing for a chancery court at Cotton Plant for the Southern district of Woodruff county on the same day as that fixed by the statute for holding such court at Forrest City had the effect to take St. Francis county out

of the fifth chancery district, filed his petition in this case to prevent the chancellor of that district from taking jurisdiction of and trying said cause. To this petition a response has been filed by the chancellor.

*John Gatling* and *S. R. Mann,* for petitioners.

Prohibition is the proper remedy. 48 Ark. 227; 2 S. W. 843. The prior act must give way to the subsequent act. 46 Ark. 229; 49 Ark. 110. The term of court is regarded in law as one day. 12 Am. & Eng. Enc. Law, 227. The act is not unconstitutional. Const. 1874, art. 7, § 15; 49 Ark. 110.

*Norton & Prewett,* for respondent.

Suggestion was the initial writ. 4 Ark. 542. Prohibition is a matter of right, where the court has no jurisdiction, and the defendant has no other remedy. 116 U. S. 167; 11 Notes, 22. Before creation of chancery districts the circuit court had jurisdiction in matters of equity. Const. 1874, art. 7, § 15. Courts of different counties in same circuit may sit at the same time. 32 S. E. 271; 6 Rand. 704; 2 Gratt. 595; 1 W. Va. 329. If not impossible in fact, it should not be in law. 25 S. E. 871; 60 Ark. 343; 30 S. W. 421. The spirit of the constitution goes for nothing. 48 Ark. 229.

RIDDICK, J., (after stating the facts). The question raised by the petition filed in this case and the response thereto is whether the provisions of the act dividing Woodruff county into two districts (Act May 3, 1901) had the effect to take St. Francis county out of the fifth chancery district, and deprive the chancellor of that district of the right to hold a chancery court for that county.

The statute creating the fifth chancery district (Acts 1897, p. 93, as amended by Acts 1899, p. 118) made the counties of Woodruff and St. Francis a part thereof, and provided that terms of the chancery court should be held in each of said counties, commencing on certain days named in the act. The days named for the convening of the court in St. Francis county are the second Mondays of May and December of each year. Now, the act afterwards passed dividing Woodruff county into two districts provided that the chancery court for the Southern district should be held at Cotton Plant on the second Mondays of May and December, the same days fixed by the former statute for the convening of the chancery court in St. Francis county. This was, no doubt, the

·result of inadvertence on the part of the legislature, for it has been several times held that under our constitution two circuit courts for the same circuit cannot be convened and held on the same day. *Parker* v. *Sanders*, 46 Ark. 229; *State* v. *Williams*, 48 Ark. 227; *Ex parte Jones*, 49 Ark. 110.

If these decisions are correct, we think it follows, for the same reasons, that two chancery courts for different counties in the same chancery district cannot be convened and held on the same day when they are to be held by the same chancellor. This being so, if we hold that portion of the act dividing Woodruff county into two districts which requires a term of chancery court to be convened and held in Cotton Plant in that county on the second Mondays of May and December to be valid, then no chancery court can be held in St. Francis county, for those are the days fixed for the convening of the court in that county. *Parker* v. *Sanders*, 46 Ark. 229.

It is said that jurisdiction to try chancery cases in St. Francis county would in that event revert to the circuit court. But the legislature having created a chancery district and made St. Francis county a part of it, we do not think that the act dividing Woodruff county into two districts can be held to have restored jurisdiction to the circuit court of St. Francis county to try equity cases. To so hold would be to give an effect to the act altogether different from that intended by the legislature. As the circuit court cannot hear equity cases in St. Francis county, and as two chancery courts in different counties of the same district cannot convene and be held on the same day, we must treat the act fixing a day for holding a chancery court at Cotton Plant as void in part, or the hearing of chancery cases in St. Francis county will be indefinitely postponed, and suitors will be deprived of rights guaranteed them by the constitution.* The legislature had no power, and did not intend, to deprive suitors in the chancery court of St. Francis county of the right to have their cases disposed of and their rights adjudicated. We must therefore hold that so much of the act referred to as attempted to require the chancery court to convene at Cotton Plant on the days named in the act, without fixing some other time for the holding of the court in St. Francis county, is invalid. But we do not think it follows that the whole act is void. The main purpose of the legislature in dividing Woodruff

---

* See Const. 1874, art. 2, § 13. (Rep.)

county into two districts was, no doubt, to avoid the inconvenience to parties, jurors, and witnesses of having to attend sessions of the court and the trials of cases at a long distance from their homes. But in the chancery court there are no jurors, the cases as a rule are heard on depositions, and comparatively few persons besides counsel are required to attend the trial of such cases. The main purpose of the act in creating the two districts will have effect if the circuit court can be held at the places named in the act.

We therefore hold that so much of the act as fixed the day for holding the chancery court at Cotton Plant is void, for the reasons stated, and the act, so far as it applies to the chancery court of Woodruff county, cannot take effect until the legislature names ·a day on which the court can be lawfully held. In other words, the act as to the chancery court is inoperative, and that court for the whole of Woodruff county must still be held at Augusta until the legislature shall take further action.

It follows, from what we have said, that in our opinion the chancellor was right in holding that he had power to hear and determine the action against petitioner pending in the chancery court of St. Francis county. The prayer of the petition is therefore refused, and the case dismissed at the cost of petitioner.