WILLIAM H. HARDY, JR., v. STATE OF MISSISSIPPI.

[51 South. 460.]

1. CRIMINAL LAW AND PROCEDURE.  *Embezzlement.  Grand jury.  Swearing.  Necessity of showing by record.*

An indictment returned by a grand jury will be quashed on timely motion, if the record do not show that the grand jury was sworn.

2. SAME.  *Motion to quash.  Waiver.*

A defendant, after having plead not guilty, may, in the discretion of the court, move to quash the indictment on the ground that the record fails to show that the grand jury was sworn.

3. SAME.  *Same.*

In such case the absence of a formal order allowing a motion to quash is immaterial, where the state failed to object to the hearing of the motion for want of such order, the matter being discretionary with the trial court.

4. SAME.  *Same.  Change of venue.*

The invalidity of an indictment predicated of the failure of the minutes of the court to show that the grand jury was sworn may be availed of for the first time by motion to quash in the court to which a change of venue has been had.

FROM the circuit court of Lincoln county.

HON. MOYSE H. WILKINSON, Judge.

Hardy, appellant, was indicted in the circuit court of Franklin county for embezzlement and upon arraignment pleaded not guilty. Thereafter the venue was changed to the circuit court of Lincoln county. After the cause reached the last named court, the defendant moved to quash the indictment on the ground that the record failed to show that the grand jury, by whom it was returned, had been sworn as required by law. The court below overruled the motion. The defendant was then tried and convicted and appealed to the supreme court.

*Deavours & Shands, Bennett & Torrey, McNair & McNair* and *J. L. Arnold,* for appellant.

*J. B. Stirling,* attorney-general, for appellee.

[The reporter has been unable to find the briefs of counsel in this case, hence no synopses of them are given in this report.]

SMITH, J., delivered the opinion of the court.

Appellant was convicted of embezzlement in the court below and appeals to this court.

A motion to quash the indictment was filed in the court below, and overruled; the ground of the motion being that the grand jury which found the indictment was not sworn. The minutes of the court at which the indictment was found contain no statement that the grand jury was sworn. In *Cody v. State,* 3 How. (Miss.) 27; *Abram v. State,* 25 Miss. 589; and *Foster v. State,* 31 Miss. 421, it was held that the swearing of the grand jury must affirmatively appear from the record, and in default thereof an indictment found by such grand jury was void. The holding of these decisions has long since become the settled law of this state, the only change therein made by the legislature being that such objection must be made before verdict (*Hays v. State, ante* 153, 50 South. 557); and this appellant did by filing his motion to quash. In *Smith v. State,* 28 Miss. 728, it was also held that the swearing of the grand jury must be ascertained by an inspection of the record.

It is contended by the state that this defect in the record was waived: First, because a plea of not guilty was entered, and not withdrawn before the motion to quash was made; second, because this motion was made for the first time in the circuit court of Lincoln county, to which a change of venue had been granted from Franklin county. Neither of these

grounds is tenable. Permitting a motion to quash to be filed after plea of not guilty entered is within the discretion of the court. While no order was entered permitting appellant to file his motion, no objection was made thereto; consequently the obtaining of formal permission from the court to file the motion was waived. In support of the second ground we are referred to *Loper v. State,* 3 How. (Miss.) 429. That case, so far as the matter now under consideration is concerned, simply held, by implication, that a defendant who has applied for and obtained a change of venue will not be permitted to question the regularity of the proceeding by which he obtained such a change of venue, and has no application here.

The judgment of the court below is reversed, the indictment quashed, and the defendant held to await the action of a legally organized grand jury.                                                *Reversed.*