WALTON v. STATE.*

(In Banc.   May 23, 1927.)

[112 So. 790.   No. 26421.]

1. COURTS. *Statute making court terms for transacting criminal business perpetual held amended by statute fixing circuit court terms of Tenth circuit court district as relates to Lauderdale county; one term of court fixed by law terminates at beginning of another term fixed by law (Laws 1926, chapters 130, 140).*

Chapter 130, Laws of 1926, is amended by chapter 140 of the Laws of 1926, in so far as Lauderdale county is concerned, and one term of the court fixed by law will terminate at the beginning of another term fixed by law.

2. JURY. *Juries should be drawn and impaneled at terms of circuit court for which they serve; juries of one term of circuit court cannot be held over for succeeding term (Constitution 1890, sections 158, 264; Hemingway's Code, sections 2180-2182, 2186).*

Under section 158 of the Constitution of 1890, a circuit court shall be held in each county at least twice in each year. And under

section 264 of the Constitution the juries, to be selected as provided by law, are to be drawn and impaneled at such terms. The juries of one term cannot be held over for a succeeding term under this section.

3. COURTS. *Jury. Legislature may provide for more than two terms of court in county in year; if Legislature provides for more than two terms of court in county in year, juries for each term must be drawn according to Constitution and statutes; "term of court" is period of time fixed by Legislature or by order of circuit judge when authorized by law in calling term of court (Constitution 1890, sections 158, 264; Hemingway's Code, sections 466, 708, 2180-2182, 2186).*

While the Legislature may provide for more than two terms of court in a county in any one year, if it does so the juries for each term must be drawn in the manner provided by Constitution 1890, section 264, and statutes made in pursuance thereof. A term of court is a fixed period of time, and is fixed by the Legislature or by an order of the circuit judge when authorized by law in calling a term of the court.

4. GRAND JURY. *Indictment and information. Indictment by grand jury impaneled at former term of court, when another term has intervened, is void; grand jury ceases to be legal body when term of court subsequent to that at which it was impaneled begins (Laws 1926, chapters 130, 140; Constitution 1890, sections 27, 61, 158, 264; Hemingway's Code, sections 2180-2182, 2186).*

An indictment found by a grand jury impaneled at a former term of the court, where another term of court has intervened, is without authority to act, and an indictment found by such grand jury thereat is void. The grand jury ceases to be a legal body when a subsequent term of court begins.

ANDERSON and HOLDEN, JJ., dissenting.

---

*Corpus Juris-Cyc. References: Courts, 15CJ, p. 875, n. 48; p. 881, n. 26, 35 New; p. 882, n. 39; p. 889, n. 37; p. 994, n. 99; Grand Juries, 28CJ, p. 784, n. 81; p. 795, n. 65'; Indictments and Informations, 31CJ, p. 579, n. 24; Juries, 35CJ, p. 269, n. 12; p. 271, n. 55; p. 309, n. 36; Statutory requirements as to time for selection of and term at which grand jury may sit, see annotation in 27 L. R. A. 786; 12 R. C. L. 1015.

APPEAL from circuit court of Lauderdale county.
HON. R. M. BOURDEAUX, Judge.

Marion Walton was convicted of murder, and he appeals. Reversed and indictment quashed, but appellant to be held to await action of grand jury.

*Cameron & Dunn,* for appellant.

The grand jury which indicted appellant was not a legally constituted body, and the court erred in not sustaining appellant's motion to dismiss the body attendant upon the court as a grand jury. Review just what a grand jury is and what part it plays in the organized court of criminal jurisdiction. *People* v. *Naughton* (N. Y.), 7 Abb. P. (N. S.) 421-423.

In an effort to keep before us one of the basic legal reasons why this grand jury was not a legal grand jury, see article 14, section 264, Constitution of Mississippi. The legislature in chapter 130, Laws of 1926, passed a law to make the terms of the several circuit courts for the transaction of criminal business, perpetual and this in the face of the unqualified and simple mandate of the Constitution of our state, that grand and petit jurors shall be drawn for *each* term of the circuit court.

"The word 'term' as applied to time signifies a fixed period or a determined or prescribed duration" (8 Words and Phrases, p. 6916), and surely this definition fits in with the experiences of our courts in that when we speak of a term of court, we most assuredly have reference to a court holding forth for and over a fixed time.

We readily admit that the court has the power to reconvene the grand jury before the expiration of the term. *Haynes* v. *State,* 93 Miss. 670. That in case where the legislature has divided a term into two sections, one for civil and one for criminal business and the grand jury is reconvened at and for that part of the same term devoted to civil business by the statute, the right to so do is not here questioned; that too, being a well-settled rule by this court. Nor do we question the right of the court to reconvene a grand jury after the adjournment of the

term and before the convening of a next regular term or special term thereof under this Act, if constitutional, for this too, is a point which is readily conceded to the court, but we do not feel that these questions are involved in this matter.

The question presented to us here, in a nut shell is, when the August term of the circuit court of Lauderdale county was convened and the grand jury impaneled and sworn and the August term was adjourned, and the September term was held and adjourned and the Special October term was held and adjourned and the Regular December term was held and adjourned, could the court reconvene the body of men who acted as grand jurors at the August term? Could we say that there was such a grand jury to be so reconvened? Had the court any more right or power to reconvene this grand jury after these several terms of court had been held and adjourned than it would have had to reconvene the petit jurors of the August term?

We must bear in mind that we are not here dealing with a statute that says such grand jurors shall serve until their successors are impaneled at a next regular criminal term or special term of the court for there are no such qualifying words in the statute or the Act. In fact, the Act, to be consistent, necessarily excludes any such idea for it would contradict the whole scheme of making the terms perpetual for the transacting of criminal business.

Section 2 of chapter 130, Laws of 1926, says: ''The grand jurors shall serve until their successors are selected and impaneled *at* the *next session* of the *regular* term of the said court or special term thereof.'' And this can be taken to mean, of course, only the succeeding term of the court prescribed by statute.

The conclusion of the minutes of the August term recited: ''It is now ordered court adjourned until court in course.'' See *Beard* v. *McLain,* 117 Miss. 316, 78 So. 184. This ''court in course'' meant until the next reg-

ular term of the court or until the ensuing September term. *Sagury* v. *Bayless,* 13 S. and M. 153, at 157.

It is very clear then, that by the Constitution, the statutes and the decisions of the state, terms of courts are indispensable and that each of these terms must end at some time and that time must be at the next ensuing term fixed by the statute.

Hence under the foregoing decision and under any view, one term of court cannot run through another term, and, therefore, the August term of the Lauderdale county circuit court expired and ended at the convening of the September term and since grand juries can only act at a *term* of court, the grand jury which indicted appellant ceased to function when the August term expired.

We must not here confuse the first section of the Act which makes all terms of the court open for the trial of cases involving a life term or capital punishment. Clearly, such cases can be tried at any and all terms of court, civil or criminal. But the power to try such cases at any time is quite a different thing from the functioning of a grand jury from term to term. The perpetuation of terms of court and making of terms open for the trial of certain criminal cases is materially distinct from the power of grand juries to indict. Any term of court can try a man but only some one grand jury can inquire into and indict that man.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

Counsel for appellant contend that chapter 130, Laws of 1926, is unconstitutional, in that it violates section 264 of the state Constitution. The rules with reference to construing the constitutionality of a statute are well established by the courts. *University of Mississippi* v. *Waugh,* 105 Miss. 627; *Johnson* v. *Reeves,* 112 Miss. 227; *Knox* v. *Grenada County,* 141 Miss. 701, 722.

Section 158 of the state Constitution is as follows: "A circuit court shall be held in each county at least twice in each year." This section is the only limitation in the Constitution on the legislature with reference to the terms of the circuit courts of the state. It is not controverted that the legislature has the right to fix the number of terms for the circuit courts, or the duration thereof. It also has authority to fix the terms at which criminal business may be transacted, and the terms at which civil business may be transacted. The legislature has seen fit to fix two terms of the court in Lauderdale county for the trial of criminal cases, and it has also fixed terms for the transaction of civil business. At a term fixed for civil business, the circuit court would have no authority or jurisdiction to try a criminal case.

Chapter 130, Laws of 1926, makes the terms of the circuit courts for criminal business extend from the commencement of one term to the commencement of the next term. In other words, the August term of the circuit court of Lauderdale county is opened for criminal business from the time it convenes in August until the criminal term is convened in February.

Counsel for appellant cite the case of *Sagory* v. *Bayless,* 13 S. & M. 153. I think this decision upholds the constitutionality of the act under discussion. Hutchinson's Code, section 778, provided for two terms of the chancery court to begin on the first Mondays of June and December and continue so long as business might require. By an act passed in 1842 the legislature provided: "That the court shall always be open and that the chancellor shall hold the same at such times as business may require, he giving three weeks' notice." The court upheld both the statute and the supplemental act. The law now is that the circuit court of Lauderdale county shall be held in August and February of each year, and that the said court shall be always open for the transaction of criminal business, and in the event the court is not in session it

may be convened by the judge by giving six days' notice to the clerk and to the sheriff.

Counsel for appellant contend that even though chapter 130, Laws of 1926, is constitutional, the grand jury which indicted the appellant was not, competent, because certain terms of the circuit court had intervened between the time the grand jury was impaneled and the indictment was found. It is true that two terms of the circuit court for the transaction of civil business had intervened, but the court had no right or authority or jurisdiction to empanel a grand jury at a civil term thereof. The statute provides that the grand jury shall serve until another grand jury is impaneled at the next regular term. This could not mean anything except the next regular term for the transaction of criminal business.

Under the statute, process in civil cases is made returnable to the next term of the circuit court, but if the next term of the court was for criminal business only, the process would certainly not be made returnable to the criminal term.

Argued orally by *Chas. B. Cameron,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of the murder of one McCarty, in Lauderdale county, Miss.

The order convening the court at which the indictment was found was dated the 11th day of December, 1926, and reads as follows:

"Order reconvening criminal court and grand jury, and notice to the sheriff and circuit clerk:

"The undersigned circuit judge being of the opinion that the public interest requires a session of the circuit court of Lauderdale county, Miss., for the transaction of criminal business, it is hereby ordered that the circuit

court of Lauderdale county, Miss., for the transaction of criminal business be convened on Friday, December 17, A. D. 1926, at nine o'clock, at the Lauderdale county courthouse and the sheriff and circuit clerk of Lauderdale county, Miss., are hereby ordered and directed and notified to summon the grand jury of said county to be at the courthouse on the day and time named above for the said session of said court.

"Ordered this, December 11, A. D. 1926.

"R. M. BORDEAUX, Circuit Judge."

"We, N. E. Cannady, sheriff, and M. L. Rush, circuit clerk, hereby acknowledge receipt and service of the above notice on this the 11th day of December, A. D. 1926.

"N. E. CANNADY, Sheriff.

"M. L. RUSH, Circuit Clerk."

When the court convened on the 17th day of December, the appellant, through his attorney, filed a motion to discharge and disperse the persons assembled as a grand jury, which persons constituted the regular grand jury convened at the August, 1926, term of the court; no new grand jury having been summoned, drawn, or impaneled at the term beginning on December 17th. In pursuance of the above order, the defendant introduced the minutes of the circuit court of Lauderdale county of the August criminal term, 1926, showing the impaneling of the grand jury for the said term, and also the order of the court adjoining the said term of court until court in course. Subsequent to the adjournment of the August criminal term of the said court, the September term for the transaction of civil business was regularly convened, held, and adjourned until court in course. Thereafter, in October, the judge issued an order reconvening the circuit court for the transaction of criminal business, which order directed the court to be held for criminal business on October 25, 1926, and on said day the court was reassembled, and proceeded with the transaction of business, and later adjourned until court in course. Thereafter the Decem-

ber civil term of the circuit court was convened, and held, and adjourned until court in course.

The murder for which the appellant was tried having been committed on the 4th day of December, 1926, the judge issued the order above set out reconvening the court, as above stated, for December 17, 1926. The court overruled the motion of the defendant to discharge the persons assembled as a grand jury, and such persons acting as a grand jury returned a bill of indictment charging the appellant and another with the murder of the said McCarty, whereupon the appellant moved to quash the indictment so found, on the ground that the proceedings were illegal, and that such persons had no authority to act as a grand jury, that the grand jury was not sworn at such reconvened term, and that its proceedings amounted to a nullity. This motion was also overruled, and exception taken.

Other questions were raised in the trial, and errors have been assigned to the action of the court in dealing with the other said matters, among which was a motion for a continuance because no regular petit jurors had been drawn for the court at which the defendant was tried, when he was called upon to make an announcement as to whether he was ready for trial or not.

We find it unnecessary to deal with these other questions, because the questions we deal with will dispose of the case.

On the 8th day of March, 1926, the legislature passed House Bill No. 363, constituting chapter 130 of the Laws of 1926, which act is entitled "An act to make the terms of the several circuit courts for the transaction of criminal business perpetual." The chapter, in full, reads as follows:

"Terms of Circuit Courts for Transactions of Criminal
    Business Made Perpetual.

"Section 1. Be it enacted by the legislature of the state of Mississippi, that from and after the passage of this act, that in addition to the regular terms of the several

circuit courts of this state, as now fixed by law, the terms
of each and all of said courts shall, for the transaction
of criminal business, be perpetual, and each and all of
said courts, for the transaction of criminal business,
shall be open at all times, for the trial of cases in which
a life sentence or capital punishment could be inflicted.
"Grand Jury to Serve until Successors Selected.

"Sec. 2. That the grand jury selected and impaneled
at any regular or special term of the circuit court of any
county, after the passage of this act, shall be impaneled
as grand jurors of said county to serve as such until
their successors are selected and impaneled at the next
session of the regular term of the said court or special
term thereof.

"Circuit Judge may Convene Court—Notice Necessary.

"Sec. 3. That whenever, in the opinion of the judge
of any circuit court of any county in the state, the pub-
lic interest requires a session of said court for the trans-
action of criminal business, the judge may name a date
for the convening of said session at any time he may
determine, and he shall in writing give six days' notice
to the sheriff and circuit clerk of said county to summon
the grand jurors of said county to be at the courthouse
on the day and time named for the said session of said
court, and on receipt of such notice the said sheriff shall
summon said grand jurors, who shall attend, as directed
by the judge, and the clerk of said court shall issue sum-
mons for all witnesses, whom he is informed and believes
will be needed before the grand jury, to appear before
said grand jury, and the judge may organize such ses-
sion of said court and require the attendance of the dis-
trict attorney on the day fixed by him, as aforesaid, and
the judge may recharge said grand jury, but the grand
jury shall not be reimpaneled, which grand jury shall be
subject to examination and challenge for favor, as they
could be at a regular term of said court, and if any of
said grand jurors shall be absent, or shall be excused for
any cause, the court may cause their place or places to

be filled, as now required by law at regular terms of said court, and the session of said court shall continue as long as the business of the court shall require and until the judge shall order an adjournment thereof.

"Court to Have Full Jurisdiction.

"Sec. 4. That all the jurisdiction and powers of said court at such session shall be as now fixed by law for the circuit courts at regular sessions of said courts, and the court during said session shall have full jurisdiction to hear and determine all criminal business as now provided by law concerning the powers and jurisdiction of the court at regular terms of said court, as now fixed by law.

"Sec. 5. That this act take effect and be in force from and after its passage.

"Approved March 8, 1926."

On the 10th day of March, two days after the passage of the above-quoted act, House Bill No. 800, constituting chapter 140, Laws of 1926, was passed, fixing the time for the holding of the circuit courts of the Tenth circuit court district of Mississippi, in which the circuit court of Lauderdale county was fixed, as follows:

"In the county of Lauderdale, on the first Monday in February, twenty-four days, for criminal business exclusively, and on the fourth Monday of March, for civil business exclusively, twenty-four days, and on the second Monday in June, for civil business exclusively, eighteen days, and on the first Monday in August, for criminal business exclusively, twenty-four days, and on the fourth Monday in September, for civil business exclusively, twenty-four days, and on the second Monday in December for civil business exclusively, eighteen days."

By section 158 of the state Constitution it is provided that—"A circuit court shall be held in each county at least twice in each year, and the judges of said courts may interchange circuits with each other in such manner as may be provided by law."

By section 27 of the Constitution it is provided that—
"No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces, or the military when in actual service, or by leave of the court for misdemeanor in office; but the legislature, in cases not punishable by death or by imprisonment in the penitentiary, may dispense with the inquest of the grand jury, and may authorize prosecutions before justices of the peace, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law."

By section 264 of the Constitution it is provided that—
"No person shall be a grand or petit juror unless a qualified elector and able to read and write; but the want of any such qualification in any juror shall not vitiate any indictment or verdict. The legislature shall provide by law for procuring a list of persons so qualified, and the drawing therefrom of grand and petit jurors for each term of the circuit court."

The legislature has provided by law for procuring a list of persons so qualified, and the drawing therefrom of grand and petit jurors for each term of the circuit court.

By section 2180, Hemingway's Code (section 2688, Code of 1906):

"The board of supervisors, at the first meeting in each year, or at a subsequent meeting if not done at the first meeting [is required to] select and make a list of persons to serve as jurors in the circuit court for the twelve months beginning more than thirty days afterward," etc.

It provides also that these persons shall be taken, as nearly as they conveniently can, from the several supervisor's districts in proportion to the number of qualified persons in each; and that the "said clerk shall put the names from each supervisor's district in a separate box or compartment, kept for the purpose, which shall be locked and kept closed and sealed, except when juries

are drawn, when the names shall be drawn for each box in regular order, until a sufficient number is drawn.''

Section 2181 provides that—''The jury list shall contain not less than two hundred nor more than eight hundred names, unless the judge of the district shall direct a greater number to be put on the list, and save in a county where there is a deficiency of jurors, the court, in its discretion, may order a less number to be listed.''

Section 2182 provides that—''A certified copy of the lists shall be immediately delivered by the clerk of the board of supervisors to the clerk of the circuit court, and shall be by him carefully filed and preserved as a record of his office.''

Section 2186 provides how the grand and petit juries shall be drawn at each regular term of the circuit court, and at a special term, if necessary. It provides that— ''The judge shall draw, in open court, from the five small boxes inclosed in the jury box, slips containing the names of fifty jurors to serve as grand and petit jurors for the first week and thirty to serve as petit jurors for each subsequent week of the next succeeding term of the court,'' etc.

It will be seen from a reading of the sections of t' Constitution, above referred to, that there shall be at least two circuit courts held in each county each year. The jurisdiction of the circuit court is prescribed by the Constitution, and includes jurisdiction to try all criminal matters and all civil matters not conferred upon some other court by the Constitution. Section 264 of the Constitution, above copied, requires the making of a list from which grand and petit jurors shall be drawn at *each* term of the circuit court. It is manifest from the two sections, construed in the light of the common law and the statute existing at the time the Constitution was ordained and established, that the court shall be held at stated times, and that it was also contemplated that at *each* term of the court, grand and petit jurors would be drawn from the list provided by law, if they were needed, for such

term. In other words, the Constitution intended to provide for a legal method of establishing suitable lists of jurors, and drawing from such lists of jurors at *each* term of the court. These jurors were to be taken from the body of the people. This is not only necessary to secure the full right of jury trial, and to secure the right of having a grand jury to pass upon the sufficiency of the evidence, to constitute probable cause, to warrant a person being placed on trial for a felony. Perpetual terms of the court were not contemplated, neither were perpetual juries, or professional jurors.

We think it is clear that when the September term of the court met in regular session, the August term certainly came to an end, and that the grand jury impaneled at the August term ceased to exist as a legal body; that if a grand jury was needed subsequently, it should have been impaneled in the manner provided by law.

The law provides for special terms, and the court is given the power at such special terms to impanel a grand jury as well as a petit jury, by section 466, Hemingway's Code (section 688, Code of 1906). A special term can be called under the provisions of section 708, Hemingway's Code (section 988, Code of 1906), by giving twenty days' notice thereof. This section provides, among other things, that—"The court shall give two weeks' notice of the time of holding the same in some newspaper published in the county."

In the case of *Sagory* v. *Bayless,* 13 Smedes & M. 153, the court had occasion to discuss the question of the holding of terms of court, and the question of perpetual sessions. At page 156 of the report the court said:

"Ever since the establishment of the court of chancery, it has held two terms in each year, the times of holding which have been appointed by law. By some of the earlier statutes, the length of the term was prescribed, but this feature has been changed. By the Act of 1842 (Hutch. Code, 778) it is declared that the court should hold two terms in each year, to commence on the

first Mondays of June and December, and continue so long as the business might require. The term was not limited as to duration, yet, when the court finally adjourned, it was at an end, and there was no mode of calling a special term; and although the business might require a continuous session throughout the whole year, still the law had provided for two terms, and one must of necessity end before the other could commence. By an act supplemental to the above-mentioned act of 1842, it is provided that the court shall always be open, and that the chancellor shall hold the same at such times as business may require, on giving three weeks' notice. This law was designed to enable the chancellor to hold special terms, but it did not change the law which provided for two terms, for that would have been a repeal, but this professes only to be a supplemental bill. Stated terms are indispensably necessary for the return of process and appearance of the parties; and if the legislature had intended to dispense with them, the act would have contained further provisions. Besides, we cannot suppose that the legislature intended to leave it discretionary with the chancellor whether he would or would not hold a court, and if the regular terms be abolished, then the chancellor may or may not hold court at all.''

In the case of *M. & O. R. R. Co.* v. *Mattan et al.*, 41 Miss. 692, the court declared an act of the legislature, approved February 21, 1867, and entitled ''An act to provide for the holding of the High Court of Errors and Appeals of the state of Mississippi, and for other purposes,'' unconstitutional and unwarranted by the constitutional amendment of 1865. Section 1 of the act divides the state into four districts. Section 3 provides:

''That a term of the court shall be holden once in each year in said districts, as follows: In district No. one, at Jackson, the seat of government; in district No. two, at Oxford; in district No. three, at Macon; and in district No. four, at Mississippi City.''

147 Miss.—55.

The act further provides: " 'And that all cases in said districts which may be hereafter carried to the High Court of Errors and Appeals by writs of error or appeal, or otherwise, from any of said districts, shall be directly transmitted to, and heard and tried in the court so held for the district from whence said writs of error, or appeals, may have come respectively, and tried and determined as now required by law.' Sections 3 and 4 provide for the appointment of deputy clerks for said districts, under certain conditions, and that seals of office and presses, books, and stationery be procured for said offices, as is provided by law for supplying the court at Jackson."

When this law first came before the court, it was held unconstitutional in so far as the provisions limited the business to business within the territory composing the district, and held that in each district there must be two terms each year, at which the business of the whole state could be heard and passed upon. After setting out the former holding, the court reached the conclusion that the entire statute was unconstitutional, and was declared to be so. At page 695, the court said:

"We are at a loss to see how the court could consider any part of it operative, after their construction of it last above quoted.

"It seems to us that they should have declared the whole act inoperative.

"By annulling the district system provided for by the terms of the act, and construing it as a statute requiring four terms of the court to be holden each year at different points for the business of the whole state, it seems to us that our predecessors placed a construction upon the act repugnant to the purpose of the legislature.

"The apparent intent of the legislature was to create a district system for this court, and to provide for but one term a year for the trial of cases in each district.

"It was their purpose also to provide that the cases of each district should be tried only at the term and at the

place allotted to that district. We look in vain for any indication of a legislative intent to provide for four general terms of this court for the disposal of all appellate business each year, or to provide for the trial of cases arising in one district, at the terms allotted by the act to the other districts. And if the legislature has not, in the law itself, declared such a purpose, it was not for the court to reach it by construction.

"As we have said, we agree to the opinion of our predecessors, that the legislature could not create the district system attempted by the terms of the enactment; and this being true, it seems to us the necessary consequence, that the whole act, which contains provisions limited to that object, is void, as being repugnant to the constitution.

"This leaves the act in force in the Revised Code, p. 561, giving to the High Court of Errors and Appeals two terms to be holden in Jackson, the seat of government, in each year, on the third Mondays of April and October."

In *Beard* v. *McLain*, 117 Miss. 316, 78 So. 184, the court, construed the power of the chancery court, under section 989, Code of 1906, section 709, Hemingway's Code, to adjourn a term of the court in a county from a date in June, at which a special term was called, to a date in August of the same year. At the June term the court entered a decree in a particular case, and adjourned on a day before the court was to expire by limitation embraced in the call, adjourning the court until the second Monday in August, and on the second Monday in August, set aside its former order, and its power to do so was challenged, and this court held that it could not be done. At page 321 of the Mississippi Report (78 So. 185), the court said:

"More than two months elapsed or intervened between these terms. During that interval the chancellor had engagements fixed by law for other counties, and even in the Second district of Jones county there intervened a regular rules day for the chancery court in July, and a period of time in which the minutes of the clerk are bound

to reflect decrees rendered at rules and in vacation. If the chancellor could adjourn one term of court to a date more than two months in the future, in such a way as to retain control over all final decrees, he would become, in the language of counsel 'the walking repository of countless causes, the decision of which he could change at will, and as many times as he pleased.'

"All the courts in his district could be thus kept open for an indefinite length of time, and all distinctions between term time and vacation would be practically abolished. Courts must be held at fixed times and places and for definite periods, in order that litigants may be charged with notice and the rights of parties fully protected."

It seems clear to us that there could not be two terms of court operating at the same time in the same county and at the same place, presided over by the same judge.

In 15 C. J. 881, section 230, it is said: "Where the terms of court are fixed by statute and there is but one judge, a term held in one county or part of the district during the time fixed by law for holding a term in another county or part of the district, is illegal, and the proceedings thereat will not be sustained."

This statement is supported by numerous authorities. See *Parker* v. *Sanders,* 46 Ark. 229; *State ex rel. Butler* v. *Williams,* 48 Ark. 227, 2 S. W. 843; *Ex parte Jones,* 49 Ark. 110, 4 S. W. 639; *Ex parte Williams,* 69 Ark. 457, 65 S. W. 711; *Cooper* v. *Am. Cent. Ins. Co.,* 3 Colo. 318; *Archer* v. *Ross,* 2 Scam. (Ill.) 303; *Batten* v. *State,* 80 Ind. 394; *Grable* v. *State,* 2 G. Greene (Iowa) 559; *In re Millington,* 24 Kan. 214; *Tippy* v. *State,* 35 Neb. 368, 53 N. W. 208; *Gregg* v. *Cooke,* Peck (Tenn.) 82; *Wilson* v. *State,* 37 Tex. Cr. R. 373, 35 S. W. 390, 38 S. W. 624, 39 S. W. 373.

It is probable that the legislature, in passing chapter 130, had in mind making of each term of court, whether civil or criminal, a term also for the trial of criminal business, especially for the trial of cases in which life sentence or capital punishment could be inflicted. If such was its

purpose, and if that could be accomplished in the manner attempted in the act, under section 61 of the Constitution, it was repealed as to Lauderdale county in chapter 140 fixing certain terms in that county as terms for the exclusive trial of civil business.

If it was the purpose of the legislature to keep each term of the court open, from one term to another term, the act might be valid, but in such case it would be improper for the judge to adjourn the court until court in course, and it would be accompanied by the evils portrayed in *Beard* v. *McLain, supra.* However, the courts are not concerned with the wisdom or lack of wisdom in legislative enactments. We feel, however, that the legislature could not go beyond the next succeeding term of court, and when such term, fixed by statute, assembled, the preceding term of court necessarily and automatically came to an end.

Our system has always recognized the grand jury as a part of a term of the court, being a part of the machinery of the court under the control, to a certain extent, of the judge of that court; and we think that this was in the mind of the constitutional convention when it provided that the legislature should provide for the securing of a list of competent persons to serve as petit and grand jurors at each term of the circuit court.

The grand jury and the petit jury, as integral parts of the constitutional system, have a history, and the constitutional provisions referred to were enacted, we presume, with the full knowledge, on the part of the convention, of the history, and the evils that had grown up under certain English tyrants seeking to undermine the liberties of the people.

It is a serious thing for a citizen to be charged with a felony, and especially with a capital offense. The Constitution makers recognized this, and provided that this could only be done by a grand jury, and section 264 was designed to fortify this security of the people by providing that this grand jury should be selected at each term

of the court from a list of persons selected by competent authority under legislative direction. It is fundamental that a grand jury must be sworn before its acts are valid. 28 C. J. 784; *Hardy* v. *State*, 96 Miss. 844, 51 So. 460; *Hayes* v. *State*, 93 Miss. 670, 47 So. 522, 17 Ann. Cas. 653; *Abram* v. *State*, 25 Miss. 589.

If the legislature desires to have a more speedy system of calling a special session to try particular felonies or general felonies, it may accomplish that purpose by amending the time fixed and notice given for special terms of the court to be held. Under modern conditions this might be done and still necessary notice be given to all concerned with the transaction of business thereat.

It will be noted that the so-called reconvened term was called to sit during the period set aside by chapter 140 for the exclusive transaction of civil business. Whether this could be done is not necessary now to be decided, but it would seem to be the course of wisdom not to call a term during such period, as it might endanger the legality of the proceedings thereat. See *Arbour* v. *Y. & M. V. R. R. Co.*, 98 Miss. 714, 54 So. 158; *Yazoo & M. V. R. R. Co.* v. *Lawler*, 130 Miss. 424, 94 So. 219.

It follows from what we have said that the judgment must be reversed and the indictment quashed, but the appellant will be held to await the action of the grand jury.

*Reversed, and appellant held to await the action of the grand jury.*

HOLDEN and ANDERSON, JJ., dissenting.

SMITH, C. J. (concurring).

I concur in the main opinion herein in so far only as it holds that the grand jury which returned the indictment here in question was an illegal body, and that the indictment is therefore void.

The effect of chapter 130, Laws of 1926, is to provide an additional method for holding special terms of court, *Sagory* v. *Bayless,* 13 Smedes & M. 153; and section 264 of the Constitution requires a grand jury to be drawn for each term of court. The requirement is not limited to regular terms, but includes all terms, both regular and special.

ANDERSON, J. (dissenting).

Under sections 158 and 264 of the Constitution construed together, there must be at least two circuit courts held in each county a year for the transaction of civil and criminal business. But there is nothing in the Constitution which prohibits the legislature from providing for more than that many circuit courts, or from separating  the civil and criminal business of the court and providing for at least two terms a year in each county for each character of business. Under section 158 of the Constitution, whether two or more criminal terms a year be provided for, there must be grand and petit juries for each of such terms. I see no constitutional objection to a statute providing that the circuit court for each county shall be open perpetually for both civil and criminal business, with this limitation alone, as provided by section 158 of the Constitution, that there shall be at least two terms of court. Or the legislature could provide, as it has under the statute involved, that the circuit court for each county shall be open perpetually for criminal business, and provide, as does chapter 140 of the Laws of 1926, for Lauderdale county, for regular criminal terms of the circuit court. I see no constitutional objection to the legislature providing that all the circuit courts in the state shall remain open perpetually for both civil and criminal business, with the limitation, provided in section 158 of the Constitution, that there shall be at least two fixed terms of the court. The legislature could provide that where one term left off the other should

begin. Of course, under the due process provision of our Constitution the legislature would have to provide for notice to litigants when each class of business would be taken up by the court and disposed of.

In the Sagory-Bayless case, relied on in the majority opinion, there was no constitutional question involved. By an act of 1842 two terms per annum of the superior court of chancery were provided for, commencing respectively in June and December. Under a supplemental act it was provided that the court should always be open. The superior court held that the supplemental act did not take away the regular stated terms of the court. The superior court of chancery adjourned the 29th day of November, 1847, to the court in course, which was held  on the first Monday in the next month. The court held that decrees rendered at the June term became final on the adjournment, and would not be set aside by petition on the first day of the next term, although the next term came only five days after the adjournment. I am unable to see any support the majority of the court get out of that case. The other case referred to in the majority opinion, and quoted from, *M. & O. R. R. Co.* v. *Mattan,* held a statute unconstitutional providing for a perpetual term of the High Court of Errors and Appeals, because it failed to provide for two terms each year as required by the Constitution. I see no help to the majority of the court in that case.

My judgment is that chapter 130 of the Laws of 1926, construed in connection with chapter 140 of the same Laws, is constitutional.