GREENLEE *v.* STATE.

(Division A. April 8, 1940. Suggestion of Error Overruled May 6, 1940.)

[195 So. 312. No. 34017.]

John Horan, of Water Valley, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was convicted of burglary at a special term of the court below called by the judge thereof under Section 731, Code of 1930. The July, 1939, Term of Court was pretermitted by an order of the judge in vacation, reciting that the term "be and the same is hereby postponed to be held beginning the third Monday and 18th day of September, 1939, for the reasons stated above. It is further ordered that in due time the Court will issue an order providing for said term of Court to be held at said time, and that all parties at interest and witnesses take due notice hereof and be governed accordingly".

On August 24th thereafter, in vacation, the judge of the Court made an order convening a special term thereof to begin on the third Monday, the 18th day of September, 1939. Appellant says that this special term of Court was illegal for two reasons: (1) The judge was without the power to postpone the July term of court by an order therefor in vacation to a day beyond the time provided therefor by law; and (2) Monday, the 18th day of September, was the beginning of the third week provided by the statute for the holdings of the circuit judge of Attala county. The validity of this special term of court in nowise depends on the provision therefor in the order of the circuit judge pretermitting the July Term for it was thereafter regularly called in the manner provided by Section 731, Code of 1930. Insofar as this record discloses, the September term of the Attala County Court may have been held, and the court adjourned before the third Monday of September, but aside from that the validity of special terms of court called under Section 731 of the Code depends only on whether that Section was complied with by the judge in making the call therefor. That the holding of such a special term may interfere with other duties of the judge will not be inquired into. To permit

the validity of a special term to be determined by evidence as to whether or not it interfered with other duties of the judge, or with the holding of other terms of court, would cause judgments and decrees entered at the special term to rest on an insecure foundation not contemplated by Section 731 of the Code.

Another of the appellant's complaints is that the corpus delicti of the offense with which he was charged —burglary—was not sufficiently proven aliunde a confession made by him and introduced in evidence.

The evidence discloses the disappearance of several pocketknives from a mercantile establishment under circumstances indicating that they might have been stolen, and, in addition, that a window of the building had been broken and the glass therein removed sufficiently to permit a person to enter the building through it. The appellant was suspected of having stolen the knives, was arrested, and thereafter confessed that he entered the building and stole the knives. He also showed the sheriff how he entered the building. "Where there has been a confession by the accused, much slighter proof is required to establish the corpus delicti than would be necessary where the State must make out the entire case, unaided by a confession. Any corroborative proof in such a case will be held sufficient which satisfies the mind that it is a real and not an imaginary crime which the accused has confessed, and the fact that he was the guilty party may be found by the jury, on proof much slighter than that ordinarily essential." Heard v. State, 59 Miss. 545. This holding has been several times approved by this Court, the latest of its cases applying it, though not citing the Heard case, being Nichols v. State, 165 Miss. 114, 145 So. 903. The evidence here is well within this rule.

Affirmed.