HUGHES v. STATE.

(Division A. April 8, 1940. Suggestion of Error Overruled May 20, 1940.)

[195 So. 311. No. 34083.]

G. C. Moreland, of Corinth, and Hugh N. Clayton, of New Albany, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

Argued orally by **Hugh N. Clayton,** for appellant, and by **W. D. Conn, Jr.,** for the appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was tried for murder and convicted of manslaughter at a special term of the circuit court called by the circuit judge under provisions of Section 731, Code of 1930. The order of the judge for the special term limited its duration to two weeks. The appellant was tried near the end of the second week, resulting in a mistrial on the last day thereof. The court then, on the suggestion of the district attorney, entered an order extending the term one week, reciting therein "that the business of this court and the public interest makes it advantageous and proper for this special October Term to be extended for one week." The appellant, over his protest, was placed on trial during this extension of the term and convicted of manslaughter.

The appellant says that this special term and the extension thereof were illegal because (1) proof of the publication of the order for the special term was not properly made; and (2) the order for the extension of the term was made without the court having before it any evidence on which to determine the necessity for the extension.

Whether the proof of the publication of the order for the special term was properly made, or was made at all, is immaterial for the reason that Section 731 expressly provides that "a failure or irregularity in giving notice shall not affect the validity of any judgment or proceeding given or had at a special term."

The trial of the appellant after the expiration of the two weeks' limitation on the duration of the term set forth in the order of the judge recalling it was legal. Section 731 of the Code does not limit the duration of special terms of court called thereunder. It is not necessary for us to now decide whether a limitation on its duration contained in the order calling it into existence is of any efficacy (cf. Dees v. State, 78 Miss. 250, 28 So. 849), for if it is, Section 732 of the Code, which empowers

the judge to extend the term of his court "by an order entered on the minutes of the court for such time as such judge or chancellor may determine" applies to special as well as regular terms of court. That the record does not disclose that the order of extension was based on evidence or rather, as the appellant says, discloses that it was not based on evidence, is of no consequence. The extension vel non of the term was within the discretion of the judge and this Court will not inquire into whether or not that discretion was abused.

The evidence for the State discloses a clear case of murder; that for the appellant a case of manslaughter. On the evidence the only question for the jury was whether the appellant was guilty of murder or manslaughter, there being no evidence on which a claim that he acted in self-defense could be based. Over the objection of the appellant, the court admitted evidence, the effect of which, if any, was to re-enforce the State's claim that the appellant was guilty of murder. Whether this evidence was rightfully admitted or not is of no consequence for the reason that the conviction was for manslaughter only, of which on the appellant's own evidence, he was properly convicted.

There was no error in granting the State the instruction on manslaughter for the two reasons: (1) the evidence of the appellant justified it; and (2) if it did not and the case made by the evidence is one of murder or self-defense, the defendant cannot complain of an instruction for the State which permitted the finding of a verdict for manslaughter.

Affirmed.