GRANT *v.* STATE.

(Division A.   September 30, 1940.)

[197 So. 826.   No. 34061.]

Earle L. Wingo, of Hattiesburg, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney General, for appellee.

**McGehee, J.**, delivered the opinion of the court.

During the first week of the regular term of the Circuit Court of Forrest county, which convened on the first Monday in November, 1939, the appellant was indicted and duly arraigned on a charge of murder. On the

second Monday of the term, after the court had reconvened for the day's session, the Circuit Judge, Honorable W. J. Pack, died without having signed any of the minutes of the court for the preceding week. Nor was there any signed order on the minutes, adjourning the court from the preceding Saturday until Monday morning of the second week. Upon the death of Judge Pack the court term, of course, stood at recess, since there had been no sine die adjournment thereof; and the duration of the term, as fixed by law, had not expired.

On the following morning, Tuesday, November 14th, the clerk entered upon the minutes of the court the following order: "The presiding judge having failed to attend on this date, court stood adjourned until tomorrow, November 15, 1939. (Signed) L. M. Cox, Circuit Clerk."

On the following day, Wednesday, November 15th, a similar order was entered and signed by the clerk, adjourning court until November 16th.

Thereupon, the Honorable Alexander Currie appeared in open court with the commission issued to him by Hugh White, Governor of Mississippi, whereby he had been appointed to the office of Judge of the Circuit Court of the District, with all the powers, privileges, etc., appertaining to the said office. This commission was duly enrolled on the minutes of the court, and Judge Currie thereupon assumed the duties of his office, and the session of the court continued; whereupon the attorney for the appellant filed a motion to quash the indictment which the grand jury returned against him the preceding week of the court term, on the ground that the newly appointed Circuit Judge was without authority to sign any minutes of the court's business which had transpired prior to the day on which he assumed the duties of the office; and that, therefore, the state had no valid indictment on which the appellant could be tried. This motion was heard by Judge Currie on the next day, Friday, November 17th, when the facts with reference to the opening and organization of the court on the first Monday of November, the

empaneling, swearing and charging of the grand jury, the return of the indictment, the arraignment of the defendant, and the failure of Judge Pack to sign any of the minutes of the term prior to his death, the appointment and qualification of his successor, were disclosed by the evidence introduced on the motion.

Thereupon Judge Currie entered a finding of fact as to what had previously occurred, and held that all of the minutes of the term prior to the day on which he assumed the duties of the office, as kept and recorded by the clerk, were true and correct; and he then approved and signed them. Thereafter the appellant was tried, convicted of the crime of murder, and sentenced to serve a life term in the state penitentiary.

On this appeal the only ground assigned for reversal of the case is the action of the trial court in overruling the motion to quash the indictment.

Section 733, Code of 1930, defines what may be done if a Circuit Judge or Chancellor fails to attend at any term of the court, having particular reference to failure of the judge to appear and convene the term at the time appointed by law. But section 734 of the Code provides, among other things, that ''if the court shall not sit on any day of the term after it shall have commenced, there shall not be any discontinuance, but the court may proceed to business on any subsequent day until the end of the term; and any court may take a recess to any day within the time during which it may be held.'' This latter section is an exact rescript of section 914 of the Annotated Code of 1892, which was construed by the Court in the case of Palmer v. State, 73 Miss. 780, 20 So. 156, 157, wherein Palmer had been indicted at the January, 1896, term of the Circuit Court for murder. At the time the indictment was returned and the arrest made, Judge J. B. Chrisman was presiding judge of the court. His term of office expired on January 21, 1896, during the term of court. No judge appearing in the court the next day, the court was adjourned by the sheriff until the next

succeeding day, January 23rd. The arraignment, trial, conviction and sentence of Palmer occurred before Judge Robert Powell, successor in office of Judge Chrisman, and whose term of office began on January 23rd of that year. It is true that in the Palmer case it was shown that Judge Chrisman signed the minutes of the business prior to the expiration of his term of office; but we call attention to that case on the point as to whether or not the expiration of the tenure of office of the presiding judge during a term of court, by limitation or by death, would have the effect of working a discontinuance of the term. In that case the Court said: "The court is one thing; the judge, another thing; and the term, a third thing. The court may convene and adjourn from day to day, in the absence of a judge, though no judicial proceedings may be had without a presiding officer—a judge. The court does not perish because the judge may not be present each and every day. Our statutes abound in provisions intended to provide against such discontinuance of the court. So, also, our statutes provide against any discontinuance of a term (the fixed time in which a court must be held) because of the temporary absence of the presiding officer of the court." Then after discussing section 914, Ann. Code of 1892, the Court further said: "Plainly, this statute prevents a discontinuance of a term of court, after the term has been commenced, because of a failure to sit of the court, from any cause, for any day of the term thus once begun. The illness of the judge for a day; the death or resignation of the judge, and a vacancy in that office for a day, or the expiration of the term of office of the judge who began to preside over the court, and the intervention of a day before his successor qualifies and appears in court, shall not work a discontinuance of the term."

Moreover, section 750, Code of 1930, provides as follows: "The minutes of the proceedings of the Supreme, circuit, chancery and county courts shall be entered by the clerk of each, respectively, in the minute-book of the

court, against the next sitting of the court, if practicable, when the same shall be read in open court; and when corrected shall be signed—the minutes of the Supreme Court by the chief justice or presiding judge, of the circuit court by the circuit judge, of the chancery court by the chancellor and of the county court by the county judge; and on the last day of the term the minutes shall be drawn up, read, and signed on the same day, or before the adjournment of the court."

Thus, while it will be seen that the entry of the minutes each day by the clerk against the next sitting of the court is contemplated, and is to be commended as good practice, it is not made mandatory that they shall be signed until the last day of the term. It is mandatory that the same shall be signed before the adjournment of the court. If it be true that Judge Pack would have had the right to sign all of the minutes of the term on the last day thereof, or at any time before the adjournment of the term, we think that it necessarily follows that his successor in office was vested with the same power and authority where he is appointed and qualifies before the adjournment of the term commenced by his predecessor. Upon his qualification under the commission which he held, Judge Currie became the regular presiding judge of the district, and his power was not limited to that of a special judge, acting in lieu of a regular presiding judge who is still in office.

We are therefore of the opinion that the action of the trial court in overruling the motion to quash the indictment was correct.

Affirmed.