### CANDATE v. STATE.

(In Banc. June 12, 1944.)

[18 So. (2d) 441. No. 35575.]

G. H. McMorrough and P. P. Lindholm, both of Lexington, for appellant.

714

**Greek L. Rice**, Attorney-General, by **Geo. H. Ethridge**, Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

By Chapter 314, Laws 1942, the court terms for Holmes County, in the Fourth Judicial District, were fixed as follows: ''On the first Monday in April and October. The first twelve days of each term shall be for civil business . . . and the last twelve days of each term shall be for

criminal business . . . ." It will be observed that the statute did not expressly prescribe the total number of days of the term, and appellant contends that under the rule announced in Beard v. McLain, 117 Miss. 316, 322, 78 So. 184, the term could not be kept open beyond the first day except by an order so providing and that the order to that effect must be entered on the minutes and the minutes signed on the first day, and that if this is not done the term expires with the close of the day. And that if such an order is made, entered on the minutes and signed on the first day, the same procedure must be followed on the second day and so on.

In the case now before us the court convened on the first Monday in October 1943, which was the fourth day of that month. Business of the day was transacted, and at the close of the day an order was made, entered and signed by the presiding judge, which was as follows: "Ordered that court do now adjourn until tomorrow morning at 9 o'clock." On Tuesday morning the court met pursuant to the order, and after the transaction of the business of that day an order was made as follows: "Ordered that court do now adjourn until Monday morning October 18, at 9 o'clock." The minutes containing this order were not signed on that day, and when the court convened on Monday morning, October 18th, a motion was filed by appellant, who had been indicted at a previous term, by which motion and by testimony introduced in its support, the validity of the term and the jurisdiction to proceed further was challenged.

The cited statute fixed the terms for all the five counties in that judicial district and by the statute the terms in Leflore County, one of the counties of the district, were fixed as follows: "Leflore county: On the first Monday in May and November," etc. We must assume that the legislature was aware of the rule declared by this court in Walton v. State, 147 Miss. 851, 868, 112 So. 790, that where there is but one judge of a judicial district, a term held in one county or part of the district during the time

fixed by law for holding a term in another county or part of the district is illegal and the proceedings thereat will not be sustained. We are bound to assume, therefore, that the legislature did not intend to so arrange the terms in this district that the time of a term in any county in the district would overlap upon the term in any other county therein. Here, by the same statute, the terms for Holmes County were fixed as commencing on the first Monday in April and October and the terms in Leflore County in the same judicial district on the first Monday in May and November. Ordinarily, there are only four weeks between the first Monday in April and the first Monday in May or between the first Monday in October and the first Monday in November, whence it follows that by the statute in question the legislature intended to fix, and did fix, for Holmes County a term of four successive weeks beginning each on the first Monday in April and in October.

It further follows that inasmuch as the order made on Tuesday, October 5, 1943, for adjournment or recess to October 18th was to a day within the term, the recess order was expressly authorized by Section 734, Code 1930, Section 1649, Code 1942. And inasmuch as the day to which adjournment or recess had been taken was within the term, the judge was authorized to sign the minutes of October 5th on or during the day next in session, which, as stated, was on October 18th, or on any remaining day in session during the four weeks of the term, Grant v. State, 189 Miss. 341, 197 So. 826; and under the presumption that officers have done what the law requires them to do, when the contrary has not been shown, the presumption here is that the judge signed the minutes on or during Monday, October 18th, and on each succeeding day throughout the term, so long as in session, including those on the last day. Appellant was tried and convicted on October 21, 1943, and his contention that no lawful court was then in session and that his conviction has not been lawfully authenticated cannot be sustained.

Affirmed.