## JONES *v.* STATE

No. 40007          April 2, 1956          86 So. 2d 348

*J. Larry Thompson,* Bay Springs, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

524

ETHRIDGE, J.

Appellant, Arthur "Tampa" Jones, was convicted in the Circuit Court of the First Judicial District of Jasper County, of the murder of Willie T. Plummer, Jr., in March 1955. There is no merit in appellant's contentions that he was entitled to a peremptory instruction and the verdict is against the great weight of the evidence. On the contrary, his conviction is supported by the great

weight of the evidence. The affray which resulted in Plummer's death occurred in a small negro cafe in the Town of Heidelberg. All of the persons in the cafe at the time of the killing, other than appellant and his wife, who was jointly indicted with him, testified that without any provocation appellant knocked Plummer against the wall, pulled out a knife and inflicted the fatal wound; that Plummer had no weapon in his possession, and that he had done nothing whatever to support appellant's claim that appellant acted in necessary self-defense. Jones did not testify, but his wife claimed that Plummer molested her, then hit appellant on the head and pulled out a knife, and that while appellant was defending himself he cut Plummer with his knife.

Willie B. Millsaps testified for defendant that late in the afternoon of the day the incident occurred, he and Plummer had drunk some intoxicating liquor, that he was drunk, but that he did not know whether Plummer was intoxicated. The seven witnesses who testified for the State all said that Plummer acted quietly prior to the incident. ██ █ The overwhelming testimony of the seven witnesses for the State, as contrasted with the appellant's defense evidenced only by his wife and Millsaps, certainly warranted the jury in finding appellant guilty of murder and in fixing the punishment at life imprisonment.

██ █ The defendant offered as a witness B. L. White, a white man, who would testify that about thirty minutes before the killing he drove by Plummer, who was walking down the street, and that Plummer cursed him, claimed that White was going to run over him, and then ran into the cafe. White said that Plummer must have been drunk because of the words he directed toward him, but that he was not close to Plummer and could not say that he was intoxicated. The trial court held that White's offered testimony as to what Plummer said to him thirty minutes before the killing was incompetent and inadmis-

sible. The court also sustained a similar objection to testimony offered by Millsaps, who was with Plummer thirty minutes before the killing when Plummer allegedly cursed White, as being irrelevant on the issue of self-defense, but permitted Millsaps to testify that he had drunk liquor with Plummer late that afternoon, although he did not know whether Plummer was intoxicated. There was no error in these actions of the trial court. White could not testify on his own knowledge that deceased was drunk, and the fact that he had allegedly cursed White thirty minutes before the killing was an entirely separate circumstance which was not relevant to defendant's plea of self-defense.

■■ The term of circuit court was for a period of one week. As authorized by Code of 1942, Sec. 1647, the circuit judge entered an order extending the term for an additional week. It was during this second week of the term that appellant was tried. He contends that the court improperly extended the term of court. But it is established that the extension vel non of a term is within the discretion of the judge, and this Court will not inquire into whether or not that discretion was abused. Hughes v. State, 188 Miss. 554, 195 So. 311 (1940).

■■ Appellant also complains that the record does not affirmatively show that he was in court at the time the jury's verdict was returned or when the judgment and sentence were pronounced against him. The record reflects that appellant personally entered a plea of not guilty. Nowhere in the record did appellant's counsel raise this question. Code Sec. 1987 provides that a judgment shall not be reversed on the ground that the transcript does not show that the prisoner was present in court during the trial or any part of it, ''except where the errors or omissions are jurisdictional in their character, unless the record show that the errors complained of were made ground of special exception in that court.''

Appellant made no ground of special exception in the trial court in this respect, so under Section 1987 he is precluded from now raising this issue. Buchanan v. State, 83 So. 2d 627, 631 (Miss. 1955).

We have considered and find no merit in the other assignments of error.

Affirmed.

*Roberds, P.J.,* and *Hall, Lee,* and *Holmes, JJ.,* concur.