Murphy *v.* State

No. 43348 October 4, 1965 178 So. 2d 692

*Murray L. Williams,* Water Valley, for appellant.

*Delos H. Burks,* Asst. Atty. Gen., Jackson, for appellee.

Patterson, J.

The appellant, Carl Murphy, Jr., was indicted for violation of Mississippi Code Annotated section 2613 (1956), Possession of Intoxicating Liquor, for the third time in the Circuit Court of Lee County, Mississippi, at its regular May 1964 term. Pursuant to this indictment he was tried during a day of the regular May 1964 term. This resulted in a mistrial on May 29, a day of the regular term, whereupon the court announced that the case was again set for trial on Monday, June 8, the date designated by statute for court to convene in Monroe County, which is within the same judicial district as Lee County, and an order was entered by the court extending the regular term to include this date.

On retrial during this extended term the appellant was found guilty of the crime charged in the indictment and was sentenced to a term in the state penitentiary. From this conviction and sentence he appeals, assigning as

error, among other things, that the court erred in extending the regular term of court beyond the time designated by statute and into the time specified by statute for the opening of court within another county of the same district; and that the trial and conviction of appellant during the extended term, the same not being authorized by law, was wholly void.

We are of the opinion this assignment of error is well taken, and that the cause must be reversed and remanded for a new trial. The language of Mississippi Code Annotated section 1394 (1956) is as follows:

The state is divided into eighteen circuit court districts as hereinafter provided, and the court in each county shall be styled "the circuit court of_____ county" and shall continue for the full number of days specified if the business shall require, and terms of the courts *shall be* held in each county beginning as follows: (Emphasis added.)

Mississippi Code Annotated section 1395 (Supp. 1964) designates the counties within the First Circuit Court District, and designates the time for the holding thereof. Included in this section is Monroe County, Mississippi, in these words:

Monroe County: . . . on the second Monday of June, for civil business exclusively, six (6) days . . . .

The trial court was aware of the conflict between the extension of the term of Lee County and the setting of this case on June 8, the second Monday of June, which was by statute the first day of the regular term of court in Monroe County within the same judicial district; but felt that the press of business in Lee County warranted the extension into the regular term of Monroe County since the docket there was quite light and since the extension was agreeable to the court officials and attorneys of the latter county.

The precise question for this Court to determine is not whether the court abused its discretion in extending

the term, but whether the court had any discretion to exercise in view of the statute designating a specific date for the convening of court in Monroe County.

 █ The authority for the extension of a term of court then in session is Mississippi Code Annotated section 1647 (1956). This section provides for the completion of a trial in progress upon the expiration of the term, and it is the established law of this state, both by statute and case law, that a cause in progress at the expiration of the term must be continued to a conclusion. *Pittman v. State,* 147 Miss. 593, 113 So. 348 (1927). The concluding portion of section 1647 provides for the extension of a term then in session when considered advantageous or proper by the trial judge, the pertinent parts thereof being as follows:

> And in all cases where, in the judgment of any judge or chancellor, the business of any circuit or chancery court *may* for any cause make it advantageous, or proper, so to do, such judge or chancellor *may continue* any term of court then in session by an order entered on the minutes of the court for such time as such judge or chancellor may determine . . . . (Emphasis added.)

 █ Though no elucidation is necessary to the plain terms of section 1395, designating the time for the holding of terms of court, and the subsequent section, 1647, authorizing the extension of terms of court then in session, we do point out that the language used in the former section is ''shall be held'' and in the latter section the language used is ''may'' and ''may continue'', one being mandatory and the other discretionary.

The State argues, however, that the case of *Jones v. State,* 227 Miss. 518, 86 So. 2d 348 (1956) which followed *Hughes v. State,* 188 Miss. 554, 195 So. 311 (1940), is controlling on the legal point here in question. In *Jones,* 227 Miss. at 529, 86 So. 2d at 349, we stated:

The term of circuit court was for a period of one week. As authorized by Code of 1942, Sec. 1647, the circuit judge entered an order extending the term for an additional week. It was during this second week of the term that appellant was tried. He contends that the court improperly extended the term of court. But it is established that the extension vel non of a term is within the discretion of the judge, and this Court will not inquire into whether or not that discretion was abused. Hughes v. State, 188 Miss. 554, 195 So. 311 (1940).

An examination of *Hughes* discloses that a felony trial resulted in a mistrial during a regular term of court; that the term was extended by the court and during this extended term the defendant was found guilty. One of the objections by the defendant to his trial during the extended term was that "the order for the extension of the term was made without the court having before it any evidence on which to determine the necessity for the extension." This Court in passing upon the question in *Hughes,* 188 Miss. at 561, 195 So. at 312, held:

That the record does not disclose that the order of extension was based on evidence or rather, as the appellant says, discloses that it was not based on evidence, is of no consequence. The extension vel non of the term was within the discretion of the judge and this Court will not inquire into whether or not that discretion was abused. . . .

Thus the court did not permit evidence to be introduced which questioned the discretion of the judge in extending the term. See also *Greenlee v. State,* 188 Miss. 387, 195 So. 312 (1940). These cases are distinguishable from the facts here since in neither of the cited cases did the date set for retrial conflict with the opening day of court as directed by statute. For this reason we are of the opinion that Jones and Hughes *supra* are not controlling.

In *Ivey v. State,* 154 Miss. 60, 69, 119 So. 507, 509 (1928) this Court held:

We are aware that a custom prevails in some districts for courts to be pretermitted, as the circuit judge attempted to do in this instance. We have concluded, however, that the judges are entirely without authority so to do. If a circuit judge in vacation could pretermit one term of the court, by the same authority he might pretermit another, clearly violating the mandate of section 158 of the Constitution.

And in *Candate v. State,* 196 Miss. 711, 718, 18 So. 2d 441, 442 (1944) we held as follows in a case dealing with overlapping court terms within the counties of a district:

We must assume that the legislature was aware of the rule declared by this court in Walton v. State, 147 Miss. 851, 868, 112 So. 790, that where there is but one judge of a judicial district, a term held in one county or part of the district during the time fixed by law for holding a term in another county or part of the district is illegal and the proceedings thereat will not be sustained.

We hold, in view of these authorities and Mississippi Code Annotated section 1395 (Supp. 1964), the court was not authorized to extend the term so as to include the date designated by statute as the opening day of court in an adjoining county within the district, there being no case in progress and necessary to bring to a conclusion. It follows that the proceedings on the second Monday of June 1964 during the extended term of court in Lee County were unauthorized by law and that the cause must be reversed and remanded for a new trial.

Reversed and remanded.

*Ethridge, P. J., and Rodgers, Jones and Smith, JJ.,* concur.