816 So.2d 380 (2002)
In the Interest of D.D.B., A Minor
v.
JACKSON COUNTY YOUTH COURT.
No. 2000-IA-00504-SCT.
Supreme Court of Mississippi.
February 28, 2002.
Rehearing Denied May 30, 2002.
*381 Brenda Fay Cook, Jackson, attorney for appellant.
Jack Bradley McCullouch, Jackson, attorney for appellee.
Before McRAE, P.J., EASLEY and GRAVES, JJ.
McRAE, P.J., for the Court.
¶ 1. On October 5, 1999, the youth court clerk of Jackson County filed a petition alleging that a minor, D.D.B., committed a delinquent act. D.D.B. appeared at the plea and adjudication hearing on October 18, 1999, and entered a plea of denial. The youth court judge then set a full evidentiary hearing for February 8, 2000, 126 days after the petition was filed. At the February 8 evidentiary hearing, D.D.B.'s counsel moved to have the case dismissed arguing that an adjudicatory hearing had not been held within ninety (90) days of the filing of the petition as required by Miss.Code Ann. § 43-21-551(1) (2000).
¶ 2. The statute mandates that the youth court dismiss a petition if an adjudicatory hearing is not held within ninety (90) days of the filing of the petition, unless good cause for continuance has been shown or an admission is made. Miss.Code Ann. § 43-21-551(1). We find that the October 18, 1999, hearing, even though not titled as such, was essentially an adjudicatory hearing which was continued for good cause until February 8, 2000. Therefore, the judge properly denied D.D.B.'s motions to dismiss. We affirm, vacate the stay in this case, and remand this case for further proceedings.

FACTS
¶ 3. On October 5, 1999, the youth court clerk filed a petition alleging that D.D.B. *382 broke the windows of a locomotive and a fork lift. Before the October 18, 1999, hearing, additional charges were brought against D.D.B. He denied the allegations at the October 18 hearing. The judge then set a full evidentiary hearing for February 8, 2000.
¶ 4. At the evidentiary hearing, the judge noted that an adjudication had not yet been made on the October 5 petition and that D.D.B. had not been served with process on the other charges filed against him. D.D.B. was served regarding the other matters while in court for the evidentiary hearing, and all matters were continued. Also, at this hearing, D.D.B.'s attorney made an ore tenus motion to dismiss the October 5 petition for violation of Miss.Code Ann. § 43-21-551(1) for failing to hold an adjudicatory hearing within ninety (90) days of the filing of the petition. That motion was denied. However, the judge granted an ore tenus motion for an interlocutory appeal. We granted D.D.B.'s Petition for Interlocutory Appeal by Permission on July 24, 2000, staying the youth court proceedings pending disposition of the appeal. See M.R.A.P. 5.

DISCUSSION

IF AN ADJUDICATORY HEARING IS NOT HELD WITHIN THE NINETY (90) DAY LIMITATION PRESCRIBED BY MISS. CODE ANN. § 43-21-551(1), IS THE YOUTH COURT JUDGE MANDATED TO DISMISS A PETITION AGAINST A MINOR WITH PREJUDICE?

A.
¶ 5. No hearing titled "adjudicatory hearing" has been held to date concerning D.D.B.'s alleged vandalism. D.D.B. and his mother were summonsed to appear before the youth court for a "plea and adjudication if admits hearing" at which hearing D.D.B. entered a plea of denial. The judge scheduled a "full evidentiary hearing" to be held 126 days later. The titling and dates of these hearings have caused much trouble for the parties.
¶ 6. D.D.B. argues that an adjudicatory hearing was not held within the ninety (90) day statutory period pursuant to Miss. Code Ann. § 43-21-551(1); and therefore, the youth court should have dismissed the petition. The youth court argues that dismissal is discretionary, not mandatory; the speedy trial issue was not timely raised; and D.D.B. failed to show any prejudicial effect in not having an adjudicatory hearing within the ninety (90) day period.
¶ 7. We have noted time and again the distinction between the mandatory and discretionary language of statutes. When used in a statute, the word "shall" is mandatory and the word "may" is discretionary. Murphy v. State, 253 Miss. 644, 649, 178 So.2d 692, 693 (1965). Clearly, Miss. Code Ann. § 43-21-551(1) mandates that an adjudicatory hearing be held within ninety (90) days of the filing of the petition unless it is continued for good cause or an admission is made. The statute also mandates dismissal if the hearing is not held within this time period. The statute uses "shall" not "may", thereby eliminating any possible interjections of judicial discretion. The relevant language is as follows:
Unless the hearing is continued upon a showing of good cause or the person who is a subject to the cause has admitted the allegations of the petition, an adjudicatory hearing shall be held within ninety (90) days after the filing of the petition to determine whether there is legally sufficient evidence to find that the child is a delinquent child ... If the adjudicatory hearing is not held within *383 the ninety (90) days, the petition shall be dismissed with prejudice.
Miss.Code Ann. § 43-21-551(1) (emphasis added).
¶ 8. The Legislature used both discretionary and mandatory language throughout the Youth Court Act, making it clear when judicial discretion lies for Youth Courts.[1] One example, as D.D.B. notes, is Miss.Code Ann. § 43-21-451, which deals with the commencement of proceedings via the filing of a petition. The last sentence of § 43-21-451 is: "The court may, in its discretion, dismiss the petition for failure to comply with the time schedule contained herein." The Legislature has made it evident when youth court judges are permitted to exercise judicial discretion.
¶ 9. We addressed the mandatory dismissal and discretionary requirement of § 43-21-551 in In re T.L.C., 566 So.2d 691 (Miss.1990). In that case we observed that "[w]hile the ninety-day requirement is stated in the mandatory `shall,' one finds crystal clear that dismissal by the youth court for failure to file within the required period after authorization to file the petition is discretionary." Id. at 698.
¶ 10. The statute is clear and concise in its mandatory nature. If no adjudicatory hearing was held within the ninety (90) day period, unless one of the exceptions applied, the petition against D.D.B. should have been dismissed. We find that the October 18 hearing, scheduled thirteen (13) days after the petition was filed, proceeded as an adjudicatory hearing, which the judge continued for good cause, i.e., full evidentiary disclosure; and therefore, the mandatory dismissal of Miss.Code Ann. § 43-21-551(1) was not triggered.

B.
¶ 11. No order adjudicating D.D.B. a delinquent has been entered to date. However, Miss.Code Ann. § 43-21-551(1) does not say that an order must be entered within the ninety (90) day period. The statute only says that an adjudicatory hearing shall be held within ninety (90) days or it shall be dismissed, unless the hearing is continued upon a showing of good cause. Id. (emphasis added). The youth court's failure to actually "adjudicate" D.D.B. a delinquent within ninety (90) days of the filing of the petition in that matter does not trigger the mandatory dismissal instilled in Miss.Code. Ann. § 43-21-551(1).
¶ 12. The first hearing set was titled a "plea and adjudication if admits" hearing. If D.D.B. had admitted the allegations in the petition, customarily, the youth court judge would have gone on to the matter of whether to adjudicate D.D.B. a delinquent. However, D.D.B. denied the allegations; and therefore, the judge scheduled a "full evidentiary hearing." We find that the "plea and adjudication if admits" hearing was, in essence, an adjudicatory hearing which was held well within the statutory period.
¶ 13. We find that D.D.B.'s denial of the allegations in the petition on October 18, 1999, was procedurally part of an adjudicatory hearing. Miss.Code Ann. § 43-21-557 outlines the order of proceedings to be followed by youth court judges at adjudicatory hearings. The youth court is first directed[2] to verify such information as the youth's name, age, residence, nature of the parties' relationships to each other; to identify and ascertain the presence of all *384 necessary parties; to determine compliance with notice requirements; to inform the parties of the purpose and possible dispositions of the hearing; and to explain the various rights the parties have. Miss. Code Ann. § 43-21-557. The statute also states that the court should determine whether the parties are represented by counsel and gives the steps to take if not. Id. The third direction in the statute is the "youth court may then inquire whether the parties admit or deny the allegations in the petition as provided in Section 43-21-553." Id.
¶ 14. The judge followed all statutory direction for an adjudicatory hearing at the October 18 hearing, such compliance being preserved on the record and evidenced in the court's October 20, 1999, order. Entering a plea is clearly a component of the adjudicatory hearing. There is no dispute that D.D.B. entered a plea at the October 18 hearing.
¶ 15. Further, due to the plea being a denial of the allegations, the hearing was, in essence, continued so that a full evidentiary hearing could be had before an actual adjudication of D.D.B. as a delinquent was given, i.e., an order being entered. At the evidentiary hearing, the judge explained, on the record, that she thought the matter had previously been continued for good cause; and therefore, she denied the ore tenus motion to dismiss. The judge's reasons for the continuance were that the matter had been originally set for October 18, 1999, D.D.B. had entered a plea of denial, additional charges had been brought against D.D.B. since the petition had been filed, and February 8, 2000, was the first available date.
¶ 16. Even though there was no direct statement on the record that this was an adjudicatory hearing and there was no document styled "continuation of hearing" or the like, we find the October 18, 1999, hearing was an adjudicatory hearing and the youth court judge was essentially continuing the adjudicatory hearing due to the plea entered to allow for full evidentiary disclosure on the matter.

C.
¶ 17. The youth court argues that reversal in this case would contravene the express purpose of the Youth Court Act. Youth court judges bear the task of balancing the child's best interest with the best interest of the State. Miss.Code Ann. § 43-21-103. Undoubtedly, it is in the State's and D.D.B.'s best interest to have speedy resolution of the allegations made against D.D.B. It is also in the best interest of the State and of all children that come before a youth court that we maintain consistency, reliability, and integrity in our youth court system. Our decision today is harmonious to these ends.

CONCLUSION
¶ 18. Miss.Code Ann. § 43-21-551(1) clearly requires youth courts to dismiss a petition if an adjudicatory hearing is not held within ninety (90) days of the filing of the petition, unless good cause for continuance has been shown or an admission is made. We find the October 18, 1999, hearing, even though not titled as such, was essentially an adjudicatory hearing which was continued until February 8, 2000; for good cause, namely, for full evidentiary disclosure. Therefore, the youth court did not err in denying D.D.B.'s motions to dismiss. We affirm the judgment of the youth court, vacate the stay in this case, and remand this case for further proceedings consistent with this opinion.
¶ 19. AFFIRMED AND REMANDED.
*385 PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ, EASLEY, CARLSON and GRAVES, JJ., CONCUR.
NOTES
[1] See the discussion below of Miss.Code Ann. § 43-21-557.
[2] Again, the statute says "shall." "At the beginning of each adjudicatory hearing, the youth court shall..." Miss.Code Ann. § 43-21-557(1).