# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-02329-SCT

*ROGER WEINER, M.D.*

*v.*

*SCOTTY A. MEREDITH, COAHOMA COUNTY CORONER*

DATE OF JUDGMENT: 11/23/2005
TRIAL JUDGE: HON. WILLIAM G. WILLARD, JR.
COURT FROM WHICH APPEALED: COAHOMA COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT: MARK P. CARAWAY
CORY LOUIS RADICIONI
ATTORNEY FOR APPELLEE: TOM T. ROSS, JR.
NATURE OF THE CASE: CIVIL - OTHER
DISPOSITION: REVERSED AND REMANDED - 11/30/2006
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     Following his patient's death, a physician completed a death certificate stating that the cause of death was congestive heart failure due to coronary artery disease. Thereafter, the county coroner filed a death certificate which proclaimed the cause of death to be closed head trauma. The physician who disagreed with the coroner's finding petitioned the chancery court for an amendment to the death certificate which had been filed with the Mississippi Department of Health. The question presented is whether the chancery court had jurisdiction to conduct an evidentiary hearing to determine the cause of death and amend the death certificate.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     On January 28, 2005, Thomas Harrell was admitted to Northwest Mississippi Regional Medical Center in Clarksdale.   According to a letter from Dr. Steven Hayne to Coahoma County Coroner Scotty A. Meredith, Harrell had suffered a traumatic injury to the head and never regained consciousness.   On February 11, 2005, Harrell was pronounced dead by Vernon T. Hughes, Jr., D.O.   Dr. Roger Weiner, who was Harrell's treating physician, completed a death certificate stating the cause of death to be "Congestive Heart Failure" due to "Coronary Artery Disease."   Some of Harrell's family members contacted the coroner's office about the cause of death listed by Dr. Weiner.

¶3.     Meredith, acting in his capacity as Coroner of Coahoma County, reviewed the medical records and interviewed Dr. Hayne.   He then, on February 28, 2005, filed a death certificate with the Mississippi Department of Health listing Harrell's cause of death as "Closed Head Trauma."

¶4.     Because he disagreed with the Coroner, Dr. Weiner petitioned the Chancery Court of Coahoma County to hold an evidentiary hearing on the matter and amend the death certificate. On November 23, 2005, the chancellor held he had no jurisdiction to hear the matter, and he denied the relief requested by Dr. Weiner.   Dr. Weiner appealed.

## DISCUSSION

### I.

¶5.     This is a case of first impression for this Court.   Because we find the statutes pertinent to this case to be unambiguous, we apply the plain meaning of the statutes to the issues before this Court.   *See **Walker v. Whitfield Nursing Ctr., Inc.***, 931 So. 2d 583, 590 (Miss. 2006).

We must apply a de novo standard of review in determining whether the chancery court has jurisdiction to hear a particular matter. *C.T. v. R.D.H. (In re D.N.T.)*, 843 So. 2d 690, 697 (Miss. 2003). Likewise, this Court applies a de novo standard of review to matters regarding statutory interpretation. *Austin v. Wells*, 919 So. 2d 961, 964 (Miss. 2006).

## II.

¶6. The first issue raised by Dr. Weiner is whether the chancellor erred in finding the chancery court, under Miss. Code Ann. Section 41-57-13, had no jurisdiction to conduct the hearing and amend the death certificate. Dr. Weiner argues that the chancery court indeed had jurisdiction to amend Harrell's death certificate pursuant to the plain language of the following statute:

> Death certificate errors in the recording of personal information of the deceased may be corrected by affidavit of the informant and the funeral director of the funeral home that disposed of the body. Items in the *medical certification* or of a *medical nature* may be amended upon receipt of the specified amendment form from (a) the person originally certifying the information or, if deceased or incapacitated, from the person responsible for the completion of such items, or (b) the State Medical Examiner. *All other amendments* to a death certificate require adjudication by a chancery court in the county of residence of the complainant or in any chancery court district in the state if the complainant is a nonresident. . . .

Miss. Code Ann. § 41-57-13(1) (Rev. 2005) (emphasis added).

¶7. Dr. Weiner argues his requested amendment to Harrell's death certificate falls under the "all other amendments" provision of the statute and, therefore, requires an "adjudication by a chancery court." We agree.

¶8. While the determination and certification of the cause of death are items within the meaning of "in the medical certification" and "of a medical nature," the statutory term "may,"

as used in the second sentence of this provision, is a permissive term, not a mandatory term, such as "shall." In other words, the statute specifically provides that errors in a death certificate "in the medical certification" or relating to an item "of a medical nature" *may* be amended by the person originally certifying the information – in this case, the Coroner – or by the State Medical Examiner using a specified form. This gives those two specified persons the ability to amend the death certificate as to items "in the medical certification" or relating to an item "of a medical nature" without having to go to the chancery court. In contrast, the last sentence of the statute requires "all other amendments," that is, all amendments *not* concerning errors in the recording of personal information and items *not* in the medical certification and of a medical nature sought to be amended upon specified form by either the person originally certifying the certificate or the State Medical Examiner, be adjudicated in the chancery court.

**III.**

¶9. Dr. Weiner argues that the "all other amendments" provision of the statute gives the chancery court jurisdiction to amend Harrell's death certificate as to the cause of death. In arguing that the chancery court has jurisdiction over his claim pursuant to Miss. Code Ann. Section 41-57-13(1), Dr. Weiner states "[t]he statute, by its plain language does not preclude actions to amend certificates that are brought by someone other than the person originally certifying and the State Medical Examiner." A plain reading of the statute supports Dr. Weiner's argument.

¶10. The statute does not preclude actions to amend death certificates as to the cause of death that are brought by someone other than the person originally certifying or the State Medical Examiner. The statute simply provides that items "in the medical certification" and

4

"of a medical nature" can be amended by either the person originally certifying the certificate or by the State Medical Examiner *on a specified form*. The Legislature, according to the plain language of Miss. Code Ann. Section 41-57-13(1), simply allowed the person originally certifying the certificate or the State Medical Examiner to amend the death certificate by specified form, rather than having to adjudicate the amendment before a chancery court. This is a reasonable reading of the statute, since it is likely that such an amendment would not involve a conflict between two parties, but a mere error in the medical certification that would need to be corrected by either the person originally certifying the certificate or the State Medical Examiner.

¶11. An even more convincing argument, although not specifically addressed by the parties, is the existence of the permissive term "may," rather than the mandatory term "shall" in the statute. This Court has consistently held that "in construing the meaning of statutes . . . the word 'may' is generally considered permissive or discretionary as opposed to mandatory . . . ." *McNeil v. Hester* 753 So. 2d 1057, 1072 (Miss. 2000). *See also **Murphy v. State***, 253 Miss. 644, 649, 178 So. 2d 692, 693 (1965); ***Leflore Bank & Trust Co. v. Leflore County***, 202 Miss. 552, 558, 32 So. 2d 744, 746 (1947). In applying this rule, it is clear that the second sentence of Miss. Code Ann. Section 41-57-13(1) simply permits the person originally certifying the death certificate or the State Medical Examiner to present a specified amendment form and amend "items in the medical certification" or "of a medical nature." The statute does not provide that an amendment in the medical certification or of a medical nature can only be made by the person originally certifying the death certificate or the State Medical Examiner.

¶12. This Court reads the statute to allow items "in the medical certification" and "of a medical nature" (such as the cause of one's death) to be handled in a certain procedural way by two specified persons. The "all other amendments" language which follows means that any other dispute concerning information on a death certificate, whether medical or otherwise, requires adjudication by a chancery court in the county of residence of the complainant or in any chancery court district in the state if the complainant is a nonresident. Since the requested amendment in this case was not made by Meredith or the State Medical Examiner, a plain application of the statute simply results in a finding that the amendment cannot be made by an amendment form, but instead must be adjudicated in the chancery court.

¶13. We find the chancellor erred in his interpretation of Miss. Code Ann. Section 41-57-13(1). The chancery court, therefore, does have jurisdiction to hold an evidentiary hearing and rule on whether Harrell's death certificate should be amended as to the cause of death.

**IV.**

¶14. Dr. Weiner also argues that the Coroner "did not have authority in this matter because Harrell's death did not 'affect the public interest.'" Meredith argues, however, that he was acting pursuant to his statutory authority as a county medical examiner investigator. Having decided that the chancellor erred by finding no jurisdictional basis to amend Harrell's death certificate pursuant to Miss. Code Ann. Section 41-57-13(1), we find this argument to be moot, and, therefore, we will not address the merits of this claim.

**V.**

¶15. Dr. Weiner next argues that the procedural and/or substantive deficiencies in Meredith's investigation are not "of a medical nature" and therefore, should be adjudicated under the "all

6

other amendments" provision of Miss. Code Ann. Section 41-57-13. Specifically, in addition to seeking an amendment to the death certificate, Dr. Weiner asserts that (1) Meredith did not have "authority" to issue a certificate of death in this case, and (2) Meredith failed to comply with procedural and/or substantive requirements in determining the cause of Harrell's death, causing the death certificate to be invalid. Again, having previously determined that the chancellor erred by finding no jurisdictional basis to amend Harrell's death certificate pursuant to Miss. Code Ann. Section 41-57-13(1), we find this argument to be moot, and we will not address the merits of this claim.

## VI.

¶16. Meredith argues that, pursuant to Miss. Code Ann. Section 41-61-65(3) (Rev. 2005), the circuit court has authority to hear this case. Dr. Weiner, on the other hand, argues that the provisions of that section do not govern this case because this "cause of action also seeks adjudication of procedural and/or substantive aspects of Meredith's investigation," and "matters under the statute are more appropriately limited to 'autopsy' determinations by the medical examiner."

¶17. There is no evidence in the record that either party preserved these arguments by presenting them to the chancery court. Only now on appeal do the parties raise the applicability (or non-applicability) of Section 41-61-65.[1] It is well established that this Court does "not entertain arguments made for the first time on appeal as the case must be decided on the facts contained in the record and not on assertions in the briefs." *Chantey Music*

---

[1] Although Meredith contends this issue is properly before the Court because jurisdictional matters may be raised at any stage in a proceeding, this case was not dismissed for lack of jurisdiction, but rather, the chancellor denied Dr. Weiner's petition.

7

*Publ'g, Inc. v. Malaco, Inc.*, 915 So. 2d 1052, 1060 (Miss. 2005). Therefore, adhering to our established precedent, we will not address the merits of these arguments.

**CONCLUSION**

¶18. This Court concludes that the disagreement between Dr. Weiner and Meredith should be heard in chancery court pursuant to Miss. Code Ann. Section 41-57-13(1). The chancellor, erred in determining that Miss. Code Ann. Section 41-57-13 provides no jurisdictional basis for the chancery court to amend the death certificate under these circumstances. Therefore, we reverse the chancellor's Order denying Dr. Weiner's Request for an Evidentiary Hearing and Request for Amendment of Harrell's death certificate as to the cause of death and remand this case to the chancery court for an evidentiary hearing and ruling on whether Harrell's death certificate should be amended.

¶19. **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., DIAZ, EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., NOT PARTICIPATING.**