ISHEE, J.,
 

 for the Court.
 

 ¶ 1. This matter comes before us on appeal from a decision originally made by the Board of Aldermen of the City of Wiggins (“Board”). Stone County Publishing, Inc. d/b/a
 
 The Times of Stone County and South Mississippi (“Times
 
 ”) requested that the City of Wiggins solicit bids from qualified newspapers for the purpose of publishing the city’s legal notices. The two newspapers that are published in Stone County, the
 
 Times
 
 and the
 
 Stone County Enterprise (“Enterprise
 
 ”), each submitted their bids; however, the bid provided by the
 
 Times
 
 did not include circulation figures as requested, and the price quoted by the
 
 Times
 
 was higher than
 
 *301
 
 that which was quoted by the
 
 Enterprise.
 
 As a result, the Board awarded the contract to the
 
 Enterprise.
 
 The
 
 Times
 
 appealed to the Stone County Circuit Court, which upheld the Board’s decision. Aggrieved, the
 
 Times
 
 appealed, asserting that the Board’s failure to consider the
 
 Times’s
 
 bid was not in compliance with Mississippi statutory and case law. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. There are two newspapers published in Stone County, Mississippi: the
 
 Enterprise
 
 and the
 
 Times.
 
 The
 
 Enterprise
 
 has been around for a number of years, and the
 
 Times
 
 is a newer publication. The
 
 Times
 
 had been in existence for nearly two years when, on September 19, 2006, Tim Cain (“Cain”) approached the Board on behalf of the
 
 Times
 
 asking that they invite competitive bids from local newspapers for the privilege of publishing legal notices pursuant to Mississippi Code Annotated section 21-39-3 (Rev.2007).
 

 ¶ 3. The following timetable of events was derived from the minutes from the Board’s meeting. On October 3, 2006, Cain appeared again before the Board and asked that they advertise with the
 
 Times.
 
 Before agreeing to do so, the Board asked Cain to provide circulation figures, which he agreed to do, and the matter was to be put on hold until the Board received the requested information. Two weeks later, the Mayor of Wiggins informed the Board that the
 
 Times
 
 was not going to present its circulation numbers in written form. This prompted the Board’s attorney to seek an Attorney General’s Opinion for guidance on the issue of whether “a newspaper seeking to be considered a ‘newspaper qualified to publish legal notices’ pursuant to Miss. Code Ann. [sjection 21-39-3 in a municipality must furnish the municipality information concerning its general circulation and/or bona fide paying subscribers pursuant to Miss.Code Ann. [section] 13-3-31(l)(a) and (b)[.]” In an opinion dated October 27, 2006, the Attorney General replied that municipal authorities could require newspapers to provide evidence of compliance with the statute. On November 7, 2006, the
 
 Times’s
 
 attorney and Cain asked the Board for the
 
 Times
 
 to be deemed qualified to publish legal notices. The attorney and Cain were asked by motion to provide “sworn evidence of the circulation of
 
 The Times
 
 pursuant to the statutory requirement that a newspaper qualified to publish legal notices maintains a numerically substantial, geographically widespread, demographically diversified circulation to bona fide paying subscribers.”
 

 ¶ 4. The
 
 Times
 
 and the
 
 Enterprise
 
 were both given notice on November 15, 2006, that the Board would be receiving bids on December 5, 2006, for its publication of legal notices. This included notice that the Board had the right to reject any bid from a newspaper that was unqualified to publish legal notices pursuant to the statute. The only bids received were those from the
 
 Times
 
 and the
 
 Enterprise,
 
 and the Board found that: (1) the
 
 Enterprise
 
 submitted the lower bid, and (2) the
 
 Enterprise
 
 provided its circulation figures, but the
 
 Times
 
 did not. Accordingly, the Board passed the following motion, which the
 
 Times
 
 would like to have set aside:
 

 Bill Prout made a motion [that] the
 
 Stone County Enterprise
 
 publish the proceedings, ordinances, resolutions and other notices required to be published for the City of Wiggins and that since
 
 The Times of Stone County and South Mississippi
 
 has not provided any circulation information whatsoever to the Mayor and Board of Aldermen for consideration, its bid not be considered since no determination can be made as
 
 *302
 
 to whether or not the newspaper complies with [s]ection 13-3-31 or whether it is qualified to publish legal notices of the City of Wiggins.
 

 STANDARD OF REVIEW
 

 ¶ 5. Mississippi Code Annotated section 11-51-75 (Rev.2002) grants an aggrieved party the right to appeal a decision of a municipality to the circuit court; however, judicial review is limited.
 
 Gannett River States Publ’g Corp. v. Jackson Advocate,
 
 856 So.2d 247, 249(¶ 10) (Miss.2003). A decision or order of a municipality will be upheld unless the order was not supported by substantial evidence, was arbitrary or capricious, was beyond the municipality’s scope or power, or was in violation of the aggrieved party’s constitutional or statutory rights.
 
 Id.
 
 at (¶ 8). “Likewise, so long as the governing body’s decision is ‘fairly debatable,’ [appellate courts] are without authority to supplant the municipality’s legislative action.”
 
 Id.
 

 DISCUSSION
 

 ¶ 6. The
 
 Times
 
 alleges that the Board’s decision not to consider its bid was “arbitrary, capricious, not based on substantial evidence and violated [its] statutory rights.” It contends that the Board failed to consider the
 
 Times
 
 as required by Mississippi Code Annotated section 13-3-31 (Supp.2008) and that no evidence was presented indicating that the
 
 Times
 
 was not qualified to publish legal notices. Mississippi Code Annotated section 13-3-31 reads in pertinent part:
 

 (1) Whenever it is required by law that any summons, order, citation, advertisement or other legal notice shall be published in a newspaper in this state, it shall mean, in addition to any other requirements imposed by law, publication in some newspaper which:
 

 (a) Maintains a general circulation predominantly to bona fide paying subscribers within the political subdivision within which publication of such legal notice is required. The term “general circulation” means numerically substantial, geographically widespread, demographically diversified circulation to bona fide paying subscribers....
 

 ¶ 7. The circuit court found that while the Board would be unable to determine that a newspaper is unqualified based solely on circulation figures, nothing prohibits the Board from obtaining and using those figures as a factor in determining whether or not a newspaper is qualified. If the figures are sufficiently high or low in a particular geographic area, it may be possible to decide whether or not a newspaper is in general circulation. Therefore, a request for circulation figures is not arbitrary or capricious.
 

 ¶ 8. The Board, however, never concluded that the
 
 Times
 
 was unqualified. To the contrary, the Board expressly stated in its motion that no determination could be made whether the
 
 Times
 
 was qualified or in compliance with section 13-3-31 since it did not receive any circulation information. The circuit court held that the determining issue in this case, however, was not that of circulation figures, but it was instead the lower bid submitted by the
 
 Enterprise.
 
 We agree.
 

 ¶ 9. Mississippi Code Annotated section 21-39-3 states, in part, that:
 

 In municipalities in which there is more than one newspaper qualified to publish legal notices, the governing authorities of such municipality shall enter into a contract for the publication of its proceedings, ordinances, resolutions, and other notices required to be published only after inviting competitive bids from
 
 *303
 
 such newspapers. Such contracts
 
 shall be let to the lowest bidder
 
 among them for a period of not more than twelve months from the date of such contract.
 

 (Emphasis added). The statute specifically uses the word “shall,” and “[w]hen used in a statute, the word ‘shall’ is mandatory ... [and] eliminat[es] any possible interjections of judicial discretion.”
 
 D.D.B. v. Jackson County Youth Court,
 
 816 So.2d 380, 383(¶ 7) (Miss.2002). The Board invited and accepted bids from both the
 
 Times
 
 and the
 
 Enterprise
 
 as required, and both parties agree that the
 
 Enterprise
 
 submitted the lower bid. Pursuant to the language of the statute, the Board was required to award the contract to publish legal notices to the lowest bidder. Therefore, we find that the Board acted in accordance with the statute, and we affirm the judgment of the Board and the circuit court affirming the Board’s decision to award the contract to the
 
 Enterprise
 
 to publish legal notices. This issue is without merit.
 

 ¶10. THE JUDGMENT OF THE STONE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.